TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00607-CV






Southwest Texas State University, Appellant



v.



Ezekiel Enriquez, Appellee







FROM THE DISTRICT COURT OF HAYS COUNTY, 274TH JUDICIAL DISTRICT


NO. 94-0763, HONORABLE BILL BENDER, JUDGE PRESIDING 







 Appellee, Ezekiel Enriquez, sued appellant, Southwest Texas State University
("SWT"), claiming he had been fired in retaliation for filing a workers' compensation claim. See
Tex. Lab. Code Ann. §§ 451.001-.003 (West 1996) ("Anti-Retaliation Law"). SWT filed a
motion for summary judgment seeking dismissal based on sovereign immunity. The trial court
denied the motion. We will vacate the trial court's order and dismiss the cause.


FACTUAL AND PROCEDURAL BACKGROUND

 In 1989, Enriquez filed a workers' compensation claim for a herniated disc. After
returning to work, he served as a custodial crew supervisor until October 1, 1992. On that date,
Enriquez was terminated by SWT. Enriquez asserts that he was terminated in retaliation for filing
a workers' compensation claim. SWT asserts that he had failed to satisfactorily perform his job.

 Enriquez filed suit against SWT on September 30, 1994 under the Anti-Retaliation
Law. (1) In its motion for summary judgment, SWT asserted that the court did not have jurisdiction
to hear the case due to sovereign immunity. The trial court denied the motion. The state
perfected an interlocutory appeal asserting that the trial court erred in failing to dismiss for lack
of jurisdiction. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 1998).


DISCUSSION

 In general, state universities, as agencies of the State of Texas, are protected from
liability (and suit) by sovereign immunity. See Lowe v. Texas Tech Univ., 540 S.W.2d 297, 298
(Tex. 1976). The legislature may waive the state's immunity, but it must do so by clear and
unambiguous language. Duhart v. State, 610 S.W.2d 740, 742 (Tex. 1980). SWT asserts that
the legislature has not clearly and unambiguously waived the immunity of state agencies for suits
brought under the Anti-Retaliation Law.

 An order denying summary judgment will be reversed if it is shown that the movant
is entitled to judgment as a matter of law. See Nixon v. Mr. Property Management Co., 690
S.W.2d 546, 548 (Tex. 1985). Statutory construction is a question of law. See Johnson v. City
of Fort Worth, 774 S.W.2d 653, 656 (Tex. 1989). The issue here is whether the relevant statutes
reveal a clear and unambiguous waiver of state agencies' immunity from liability.

 In City of LaPorte v. Barfield, 898 S.W.2d 288, 299 (Tex. 1995), the Texas
Supreme Court decided that the legislature had waived sovereign immunity for actions brought
under the Anti-Retaliation Law against political subdivisions. The court's analysis is instructive
in the present case. In Barfield, the court first concluded that the Anti-Retaliation Law itself did
not contain an express waiver of sovereign immunity. Id. at 294. The court therefore looked to
the statute concerning political subdivisions ("Political Subdivisions Law") for such a waiver. 
See Tex. Lab. Code Ann. §§ 504.001-.073 (West 1996). While noting that the Political
Subdivisions Law "adopted" the Anti-Retaliation Law, the court held that the mere adoption of
a provision of one statute into another did not clearly and unambiguously waive sovereign
immunity. See Barfield, 898 S.W.2d at 295. Moreover, the operative word in the Anti-Retaliation Law is "person." (2) The court pointed out that even though the Political Subdivision
Law expressly equated political subdivision with "employer," it did not equate political
subdivision with "person." See Labor Code § 504.002(b). Without that equation, the court found
it "not entirely clear whether the Legislature intended to prohibit political subdivisions from
retaliatory discharge." Barfield, 898 S.W.2d at 298.

 The court then addressed an election-of-remedies provision in the Political
Subdivisions Law. See Labor Code § 504.003. Under this section, a plaintiff must choose
between an action for wrongful discharge under the Anti-Retaliation Law and an action under the
Texas Whistleblower Act, Tex. Gov't Code Ann. §§ 554.001-.010 (West 1994 & Supp. 1998). 
See Barfield, 898 S.W.2d at 298. Because immunity is expressly waived for actions under the
Whistleblower Act, see Gov't Code § 554.0035 (West Supp. 1998), the requirement of an election
suggested to the court that immunity must be waived for the Anti-Retaliation Law as well. 
Barfield, 898 S.W.2d at 298. Otherwise, providing for an election would have been nonsensical. 
Id. "This election-of-remedies provision . . . persuades us, in the end, that the Legislature must
have intended to waive political subdivisions' immunity for liability imposed by the Anti-Retaliation Law." Id. (3)

 In Barfield the supreme court addressed whether the legislature waived sovereign
immunity for actions against political subdivisions for violating the Anti-Retaliation Law. In the
present case, we are asked to decide whether the legislature waived sovereign immunity for
actions against state agencies for violating the Anti-Retaliation Law. While political subdivisions
are the subject matter of chapter 504 of the Labor Code, state agencies are addressed in chapter
501.

 Enriquez directs our attention to a similarity between chapter 504 and chapter 501: 
while the Political Subdivisions Law (chapter 504) states that "'employer' means 'political
subdivision,'" chapter 501 states that "the individual state agency shall be considered the
employer." Labor Code §§ 504.002(b), 501.002(b). As discussed above, however, the supreme
court held in Barfield that the operative word in the Anti-Retaliation Law is "person," not
"employer." 898 S.W.2d at 298. In light of Barfield, we do not find the similarity addressed by
Enriquez substantial enough to constitute the clear and unambiguous language needed to conclude
that the legislature has waived sovereign immunity.

 The El Paso Court of Appeals recently addressed this precise issue and concluded
that chapter 501 does not waive sovereign immunity for suits against state agencies under the
Anti-Retaliation Law. See Texas Dep't of Health v. Ruiz, 960 S.W.2d 714, 719 (Tex. App.--El
Paso 1997, pet. denied). In Ruiz, the court noted that the election-of-remedies provision in the
Political Subdivisions Law is not present in chapter 501. Id. at 716. The court reasoned that the
holding in Barfield--that the 1989 version of the Political Subdivisions Law contained a waiver of
sovereign immunity--was based solely on the presence of an election-of-remedies provision that
was irreconcilable with a legislative intent not to waive sovereign immunity. Because chapter 501
does not contain such a provision, the Ruiz court concluded that chapter 501 does not contain a
clear and unambiguous waiver of sovereign immunity for state agencies. Id. at 717. The court
also noted that the supreme court decided that the 1981 version of the Political Subdivisions Law
contained a limited waiver of immunity based on language having no counterpart in Chapter 501. 
See Barfield, 898 S.W.2d at 296-97. (4) Furthermore, the Ruiz court listed numerous examples of
statutes in which legislative intent is clear. Ruiz , 960 S.W.2d at 717-19. The court concluded
that the legislature failed to waive sovereign immunity with clear and unambiguous language. Id.
at 719. We agree with the El Paso court that, based on the supreme court's analysis in Barfield,
the legislature has not clearly and unambiguously waived the immunity of state agencies for anti-retaliation actions under chapter 501.

 Finally, Enriquez points to two Texas Attorney General opinions concluding that
the State is not immune from liability in a case involving workers' compensation retaliation. See
Op. Tex. Att'y Gen. No. JM-941 (1988); Op. Tex. Att'y Gen. No. JM-227 (1984). Courts give
due consideration to attorney general opinions where appropriate, but they are certainly not
binding on the courts. See Rainbow Group, Ltd. v. Texas Employment Comm'n, 897 S.W.2d 946,
949 (Tex. App.--Austin 1995, writ denied). The cited opinions were issued before the Barfield
and Ruiz decisions, and we do not find them persuasive.


CONCLUSION

 We vacate the order of the district court and dismiss the cause for lack of
jurisdiction. Tex. R. App. P. 43.2(e).



 

 J. Woodfin Jones, Justice

Before Chief Justice Yeakel, Justices Aboussie and Jones

Order Vacated and Cause Dismissed for Lack of Jurisdiction

Filed: May 29, 1998

Publish
1. Enriquez's claim was filed under Tex. Rev. Civ. Stat. Ann. art 8307c, Act of April 22,
1971, 62d Leg., R.S., ch. 115, 1971 Tex. Gen Laws 884, (repealed by Act of May 12, 1993,
73rd Leg., R.S., ch. 269, § 5, 1993 Tex. Gen. Laws 987, 1273 and codified at Tex. Lab. Code
Ann. § 451.001-.003 (West 1996)). The codification was nonsubstantive. Act of May 12, 1993,
73rd Leg., R.S., ch. 269, § 6, 1993 Tex. Gen. Laws 987, 1273. We will cite to the current code
for convenience.
2. "A person may not discharge or in any other manner discriminate against an employee
because the employee has: (1) filed a workers' compensation claim in good faith . . . ." Labor
Code § 451.001.
3. In a recent case from the Houston Fourteenth Court of Appeals, the court held that before
the 1989 addition of the election-of-remedies provision, the Political Subdivisions Law did not
contain language that would have waived sovereign immunity for counties for violations of the
Anti-Retaliation Law. See Harris County v. Louvier, 956 S.W.2d 106, 109 (Tex. App.--Houston
[14th Dist.] 1997, no pet.).
4. The operative language in the 1981 version was that the Anti-Retaliation Law applied to
political subdivisions "if the city provides by Charter or ordinance for ultimate access to the
district court for wrongful discharge." See Act of May 31, 1981, 67th Leg, R.S., ch. 352, § 3,
1981 Tex. Gen. Laws 937, 937-38.



ot find the similarity addressed by
Enriquez substantial enough to constitute the clear and unambiguous language needed to conclude
that the legislature has waived sovereign immunity.

 The El Paso Court of Appeals recently addressed this precise issue and concluded
that chapter 501 does not waive sovereign immunity for suits against state agencies under the
Anti-Retaliation Law. See Texas Dep't of Health v. Ruiz, 960 S.W.2d 714, 719 (Tex. App.--El
Paso 1997, pet. denied). In Ruiz, the court noted that the election-of-remedies provision in the
Political Subdivisions Law is not present in chapter 501. Id. at 716. The court reasoned that the
holding in Barfield--that the 1989 version of the Political Subdivisions Law contained a waiver of
sovereign immunity--was based solely on the presence of an election-of-remedies provision that
was irreconcilable with a legislative intent not to waive sovereign immunity. Because chapter 501
does not contain such a provision, the Ruiz court concluded that chapter 501 does not contain a
clear and unambiguous waiver of sovereign immunity for state agencies. Id. at 717. The court
also noted that the supreme court decided that the 1981 version of the Political Subdivisions Law
contained a limited waiver of immunity based on language having no counterpart in Chapter 501. 
See Barfield, 898 S.W.2d at 296-97. (4) Furthermore, the Ruiz court listed numerous examples of
statutes in which legislative intent is clear. Ruiz , 960 S.W.2d at 717-19. The court concluded
that the legislature failed to waive sovereign immunity with clear and unambiguous language. Id.
at 719. We agree with the El Paso court that, based on the supreme court's analysis in Barfield,
the legislature has not clearly and unambiguously waived the immunity of state agencies for anti-retaliation actions under chapter 501.

 Finally, Enriquez points to two Texas Attorney General opinions concluding that
the State is not immune from li