**RAINBOW GROUP, LTD., Appellant,**

v.

**TEXAS EMPLOYMENT COMMISSION and William Grossenbacher, Appellees.**

No. 03–94–00405–CV.

Court of Appeals of Texas, Austin.

May 3, 1995.

Rehearing Overruled June 7, 1995.

---

**1.** Texas specifically adopted the *Strickland* test in *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim. App.1986).

Jennifer S. Riggs—[Signed brief for appellant], Jennifer S. Riggs, P.C., Austin, for appellant.

Dan Morales, Atty. Gen., Dewey E. Helmcamp III—[Signed brief for appellees], Asst. Atty. Gen., General Counsel Div., Austin, for appellees.

Before POWERS, KIDD and B.A. SMITH, JJ.

BEA ANN SMITH, Justice.

Appellant Rainbow Group, Ltd. ("Rainbow") filed a petition for writ of mandamus and suit for declaratory judgment seeking to compel the Texas Employment Commission and its administrator, William Grossenbacher,[1] to produce certain records under the Texas Open Records Act, Tex.Gov't Code Ann. §§ 552.001–.353 (West 1994). The trial court granted the Commission's plea to the jurisdiction on the cause of action for declaratory judgment and denied Rainbow's petition for writ of mandamus. We will affirm the trial court's judgment.

## DISCUSSION

In January 1994, Rainbow requested the following from the Commission under the

---

1. Because appellee Grossenbacher was sued in his official capacity only, we will refer to the appellees jointly as the "Commission."

Open Records Act: (1) a list of all Austin area haircutting and barber shops registered as "employers" as that term is defined in the Texas Unemployment Compensation Act, Tex.Lab.Code Ann. §§ 201.001–217.006 (West 1995); and (2) all records showing the number of employees for whom unemployment taxes were paid and the total unemployment taxes paid in 1992 and 1993 for seven specific employers. The Commission responded that the information could be compiled only by using the employers' Standard Industrial Classification ("SIC") codes from employer tax records and other information from employer quarterly reports all acquired pursuant to section 202.091 of the Texas Unemployment Compensation Act. *See* Tex. Lab.Code Ann. § 202.091 (West 1995). Because section 202.091 exempts from Open Records disclosure "[e]mployment information thus obtained or otherwise secured," the Commission denied Rainbow's request.

Pursuant to the Open Records Act, Rainbow filed suit for a writ of mandamus to compel disclosure of the requested information. Tex.Gov't Code Ann. § 552.321 (West 1994). Rainbow also requested a judgment declaring that such information is not protected under any exception to the Open Records Act and further sought damages for the denial of its access to this information. Tex. Civ.Prac. & Rem.Code Ann. §§ 37.003, 104.002 (West 1986). The Commission filed a plea to the jurisdiction on Rainbow's request for declaratory judgment, arguing that there was no legislative consent or statutory authority for the suit. The trial court granted the Commission's plea to the jurisdiction and also denied Rainbow's request for mandamus and damages as a matter of law. Rainbow appeals the denial of the writ of mandamus and the trial court's granting the Commission's plea to the jurisdiction.

The parties agree that the central issue in this appeal is whether the Commission was exempted from providing Rainbow the requested information under an exception to the Open Record Act's required disclosure of public information. The Open Records Act provides: "Information is excepted from [required disclosure] if it is information considered to be confidential by law, whether constitutional, statutory, or by judicial decision." Tex.Gov't Code Ann. § 552.101 (West 1994). The Unemployment Compensation Act contains such a statutory exception to disclosure: "employment information" obtained by the Commission pursuant to its authority to require reports from employing units "is not open to public inspection, other than to a public employee in the performance of public duties, except as the commission considers necessary for the proper administration of this subtitle." Tex.Lab.Code Ann. § 202.091 (West 1995). The parties' dispute centers on the scope of the term "employment information." Rainbow contends that the Labor Code exemption can only be applied to protect the privacy and confidentiality of individual employee records. The Commission, relying on several Attorney General opinions interpreting the Labor Code provision, contends that all employment information obtained by the Commission from the reports it requires is confidential, whether the information relates to individual employees or to the employer itself.

The Open Records Act reaffirms in statutory form the fundamental principle of American representative government that the people, in delegating authority to the government and public officials, do not give these officials the authority to insulate themselves from public control by withholding information. Tex.Gov't Code Ann. § 552.001 (West 1994). Although the provisions of the Open Records Act are to be liberally construed in favor of granting requests for information, the primary purpose of the Act is to grant the public access to information that will allow them to "retain control over the instruments they have created." *Id.* Distinguishing instances in which disclosure of information is necessary or conducive to the public's control of governmental activities from instances in which confidentiality better serves the public interest is a primary objective of the Act's provisions and procedures.

■ Rainbow suggests that the language of the Labor Code provision and purposes of

the Open Records Act compel the conclusion that only information relating to individual employees, not employers, is protected. However, other statutory exceptions in the Open Records Act itself belie this interpretation. The Open Records Act specifically exempts from disclosure information connected with competitive bidding, condemnation or public works projects, law enforcement, the regulation of financial institutions and securities, and certain financial, commercial, and trade secret information. *See id.* §§ 552.101–.123. These exceptions demonstrate that the ambit of "confidential" information extends well beyond an individual's constitutional rights to privacy to include information that promotes important governmental interests.

A primary purpose of the records and reports requirement of the Unemployment Compensation Act is the proper and effective administration of the Unemployment Compensation Program. Although the privacy of individual employees' records is undoubtedly necessary to achieve this goal, so too is the confidentiality of employer information. As the U.S. Department of Labor noted in proposed revisions to the rules governing federal-state unemployment compensation programs, "Confidentiality avoids publicity about claimants and *employers,* and possible notoriety resulting from publicity. Publicity could have disrupting effects on the operations of the State agency, would be likely to discourage many individuals from claiming a statutory entitlement, and as likely *act as a disincentive for employers* to cooperate with the State agency in the administration of the State law." 57 Fed.Reg. 10,066 (1992) (proposed Mar. 23, 1992) (emphasis added). It is reasonable to presume that our state legislature reached a similar conclusion and intended to guard as confidential not only employee information but also employer information that the Commission gathers in discharging its duties under the Texas Unemployment Compensation Act.

■ The Attorney General has interpreted the Unemployment Compensation Act's con-fidentiality provisions as applying to "all information [the Commission] collects on reports it obtains pursuant to section [202.091 of the Labor Code and] all the information in the records [the Commission] secures from the employing unit's files." Tex.Att'y Gen. ORD–599 (1992). Although they are not binding on us, this Court gives due consideration to Attorney General decisions, especially in cases involving the Open Records Act under which the Attorney General has a mandate to determine the applicability of exceptions to public disclosure. *Hancock v. State Bd. of Ins.,* 797 S.W.2d 379, 381 (Tex. App.—Austin 1990, no writ); *see also* Tex. Gov't Code Ann. § 552.301 (West 1994). We further note that after the Attorney General's Open Records Decision 599 was issued in January 1992, the legislature recodified the Unemployment Compensation Act at its present location in the Labor Code without substantive revision. *See* Act of May 12, 1993, 73d Leg., R.S., ch. 269, § 1, 1993 Tex. Gen.Laws 987, 1274. "[W]hen a statute is reenacted without material change, it is generally presumed that the legislature knew and adopted or approved the interpretation placed on the original act, and intended that the new enactment should receive the same construction as the old one." *Lumbermen's Underwriters v. State Bd. of Ins.,* 502 S.W.2d 217, 220 (Tex.Civ.App.—Austin 1973, writ ref'd n.r.e.); *see also Humble Oil & Ref. Co. v. Calvert,* 414 S.W.2d 172, 180 (Tex.1967). In fact, one of the few modifications made to section 202.091 during the recodification was to change the phrase "information thus obtained" to *"employment* information thus obtained"—the term the Attorney General used in its decision to describe generally the information the Commission obtains from employers. *Compare* Act of June 24, 1983, 68th Leg., 1st C.S., ch. 1, § 2, 1983 Tex.Gen.Laws 1, 7 *with* Act of May 12, 1993, 73d Leg., R.S., ch. 269, § 1, 1993 Tex.Gen.Laws 987, 1061 (now codified at Tex.Lab.Code Ann. 202.091 (West 1994) (emphasis added)). Viewing the Labor Code's provision against this backdrop of policy and legislative acquiescence, we agree with the Attorney General that all information the Commission obtains from

employer reports and records pursuant to its authority under section 202.091 is exempted from disclosure.

 Rainbow further argues that the information it requested was not the same information addressed in the Attorney General's Open Records Decision 599 and that the Commission was therefore required to request a determination of the information's confidentiality. *See* Tex.Gov't Code Ann. §§ 552.301, .302 (West 1994) (failure to request decision from Attorney General within ten days of receiving written request for information results in presumption that information is public). In Decision 599, the Attorney General determined that an employer's SIC code,[2] information indicating the number of employees working for an employer, and information indicating whether an employer filed quarterly tax reports were all excepted from public disclosure under the Open Records Act. However, the decision also made clear that *all other* information the Commission obtains from employer reports and records under Unemployment Compensation Act section 202.091 is exempt from disclosure. Two subsequent informal letter opinions issued in response to Commission requests for determinations restated the Attorney General's position that "the confidentiality of this provision extends to all information on reports or records [the Commission] obtains from an employer." Tex.Att'y Gen. OR 92–201; OR 92–97. Because the information Rainbow requested is obtainable only from employer reports, the Commission was entitled to rely on these "previous determina-

tions" of the Attorney General in declining to request a further opinion. *See* Tex.Gov't Code Ann. § 552.301 (West 1994).[3] In light of the foregoing, we hold that the Commission properly denied Rainbow's request for information and that the trial court properly denied Rainbow's petition for writ of mandamus. We overrule Rainbow's second and third points of error.

Having concluded that the trial court correctly determined that Rainbow's requested information is exempt from public disclosure as a matter of law, we need not address Rainbow's claims under the Uniform Declaratory Judgment Act. We overrule Rainbow's first point of error and affirm the judgment of the trial court.

---

**2.** The Attorney General also found that the employer's identification number assigned by the Commission was made confidential by federal administrative regulations, not by the Labor Code's exemption of "employment information" obtained by the Commission.

**3.** Rainbow suggests in its brief that the information it sought may have been obtainable from sources other than the employer reports collected by the Commission and that the trial court should therefore have conducted an in camera review of Commission documents. However, we find no evidence supporting this assertion in the record. Because "[i]t is presumed that all public officials will honestly perform their official duties," the trial court properly believed that the

Commission would have had to resort to information obtained from employer reports to comply with Rainbow's request. *Mexia Indep. Sch. Dist. v. City of Mexia*, 134 Tex. 95, 133 S.W.2d 118, 122 (1939); *see also Kavanaugh v. Underwriters Life Ins. Co.*, 231 S.W.2d 753, 756 (Tex. Civ.App.—Waco 1950, writ ref'd) ("The law presumes that public officials will perform their duty diligently, fairly and efficiently to all concerned."). Having created no evidentiary record that the information it sought was available to the Commission from sources other than employer reports or records, Rainbow was not entitled to an in camera inspection of the Commission's documents by the trial court.