NO. 07-07-0057-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 30, 2008
______________________________

PROPERTY CASUALTY INSURERS ASSOCIATION OF
AMERICA, AMERICAN INSURANCE ASSOCIATION,
AND NATIONAL ASSOCIATION OF MUTUAL
INSURANCE COMPANIES, APPELLANTS

v.

TEXAS DEPARTMENT OF INSURANCE AND GREG
ABBOTT, ATTORNEY GENERAL OF TEXAS, APPELLEES

_________________________________

FROM THE 126TH DISTRICT COURT OF TRAVIS COUNTY;

NO. GN403012; HON. MARGARET COOPER, PRESIDING

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ. 
MEMORANDUM OPINION
          Appellants Property Casualty Insurers Association of America, American Insurance
Association, and National Association of Mutual Insurance Companies (the Associations)
bring this appeal from the judgment of the trial court determining that certain information
gathered and maintained by the Texas Department of Insurance is not confidential under
the Insurance Code and thus was subject to disclosure under the Public Information Act. 
We affirm.
Procedural and Factual Background
          In 2003, the Legislature amended the former Insurance Code


 by adding article
21.49-2U, which addresses the use of credit information or reports by insurers for
underwriting or rating of personal insurance coverage. The article included a provision
directing the Texas Department of Insurance (TDI) to submit a report to the Legislature
regarding the use of credit information by insurers in Texas. That provision, codified in
former Insurance Code as article 21.49-2U § 15, provided, in relevant part:
          (b) The report required under this section must include:
(1) a summary statement regarding the use of credit information, credit
reports, and credit scores by insurers, presented in a manner that protects the
identity of individual insurers and consumers;
(2) a description of insurer practices and the effect of different credit
models, presented in a manner that protects the identity of individual insurers
and consumers[.]
          To prepare the report, TDI sent letters requesting data from some insurers. TDI later
received a request under the Public Information Act (PIA), asking for copies of its
correspondence to the insurers regarding the report. TDI resisted the request, taking the
position that release of the correspondence would conflict with the requirement of § 15(b)
that the identity of individual insurers be protected. Thus, TDI reasoned, the identities of
the insurers was information “confidential by law,” excepted from disclosure under §
552.101 of the PIA. Tex. Gov’t Code Ann. § 552.101 (Vernon 2004). It withheld the
correspondence and, in accordance with the PIA, requested a decision from the Attorney
General. Tex. Gov’t Code Ann. § 552.301 (Vernon 2007). In its written comments to the
Attorney General, TDI explained that § 15(b) requires its report must protect the identity of
the individual insurers and because each of its letters was addressed to a specific insurer,
the letters and related attachments, also tailored to each insurer, would disclose the identity
of the insurers in violation of the statute.


 Thus, TDI contended, to protect the identity of the
insurers, the letters should be released only in redacted form and the attachments should
be withheld in their entirety.
          The Attorney General ruled that the withheld information was subject to release
under the PIA because “article 21.49-2U of the Insurance Code specifically addresses the
confidentiality of insurers’ identities found in the credit scoring report itself, and not the
identities found in any information related to the credit scoring report.” See Tex. Atty’s Gen.
OR2004-7453. On receiving the Attorney General’s ruling, the Associations, on behalf of
their member insurers, filed suit against TDI and the Attorney General under the Uniform
Declaratory Judgments Act and the PIA, challenging the ruling and seeking a declaration
as to the proper interpretation of the Insurance Code provision.
          The Associations and the defendants each filed motions for summary judgment. The
Associations argued the position TDI had taken before the Attorney General, contending
TDI’s correspondence to the insurers should be considered confidential by law because of
§ 15(b), and contended the Attorney General was wrong to find the protection to the
insurer’s identities under § 15(b) was limited to the report itself. The Attorney General’s
contentions mirrored his open records ruling. 
          The trial court entered a final judgment that split the baby. It held the “names and
addresses of the insurers that appear on the letters and attachments, including names of
employees of insurers, acronyms of insurer names and name-identifying insurer slogans”
are made confidential by § 15 and therefore excepted from disclosure by PIA § 552.101. 
It found the remainder of the information, “consisting of letters from the Texas Department
of Insurance, with attachments, (with names and addresses redacted)” not excepted from
disclosure. The trial court also concluded that the Associations were not entitled to relief
under the Uniform Declaratory Judgments Act. Only the Associations filed a notice of
appeal.Analysis
Public Information Act
          The pertinent provision of the PIA, encompassed in § 552.101 of the Government
Code, excepts from disclosure “information considered to be confidential by law, either
constitutional, statutory, or by judicial decision.” The PIA is to be liberally construed in favor
of granting requests for information. Tex. Gov’t Code Ann. § 552.001(b) (Vernon 2004). 
Exceptions to the PIA are narrowly construed. Thomas v. Cornyn, 71 S.W.3d 473, 481
(Tex.App.–Austin 2002, no pet.); Arlington Indep. Sch. Dist. v. Texas Attorney Gen., 37
S.W.3d 152, 157 (Tex.App.–Austin 2001, no pet.). 
          In its ruling to TDI, the Attorney General opined on whether the disclosure of the
information withheld by TDI was required under the PIA. The opinion focused on whether
the information was considered “confidential by law” as set forth in § 552.101. There is no
dispute that the documents in question fall within the PIA’s definition of “public information”
and are subject to disclosure unless an exception applies. The Attorney General concluded
that the exception set forth in Texas Insurance Code article 21.49-2U § 15 did not extend
to any information other than the credit scoring report itself and thus, TDI was required to
disclose the information requested. We agree.
Statutory Construction
          The matter is one of statutory construction. Statutory construction is a question of
law and we review the trial court’s action de novo. Johnson v. City of Fort Worth, 774
S.W.2d 653, 656 (Tex. 1989). The primary goal in statutory construction is to ascertain and
give effect to the legislature’s intent. Tex. Gov’t Code Ann. § 311.023 (Vernon 2005). 
          In making this determination, we look first to the plain and common meaning of the
language of the statute. Fitzgerald v. Advanced Spine Fixation Sys., Inc., 996 S.W.2d 864,
865 (Tex. 1999). We must read the statute as a whole and not just isolated portions. Tex.
Dep’t of Transp v. City of Sunset Valley, 146 S.W.3d 637, 642 (Tex. 2004). If the meaning
of the statutory language is unambiguous, we must interpret it according to its terms, giving
meaning to the language consistent with other provisions in the statute. Id. We read every
word as if it were deliberately chosen and presume that omitted words were excluded
purposefully. Cornyn v. Universe Life Ins. Co., 988 S.W.2d 376, 379 (Tex.App.–Austin
1999, pet. denied). We also consider the objective the law seeks to obtain and the
consequences of a particular construction. City of Sunset Valley, 146 S.W.3d at 642.      Here, § 15 specifically states that “The report required under this section must
include: (1) a summary statement...presented in a manner that protects the identity of
individual insurers and consumers[.]” Tex. Ins. Code Ann. art. 21.49-2U, § 15. (emphasis
added). The plain language of the statute refers only to the report itself, not information
obtained by TDI for its use in preparation of the report.


 The Associations argue that
reliance on the plain language of the statute leads to an absurd result. We disagree. We
see no absurdity in the legislature’s choice in § 15 to treat the information contained in the
widely-disseminated report


 required by that section in a manner different from data
obtained or held by TDI. We presume that the legislature’s words accurately reflect its
intentions, and conclude the identity protection required by § 15 extends only to information
presented in the report. Our conclusion requires a finding the trial court did not err in
determining that the letters from TDI, with attachments (names and addresses redacted),
are not excepted from disclosure under § 552.101. We overrule the Associations’ first point
of error. 
Relief Pursuant to Uniform Declaratory Judgments Act
          By their second issue, the Associations contend the trial court erred in its
determination that the Uniform Declaratory Judgments Act was not a “proper basis for
review of this action,” and the PIA did not permit the Associations to seek an award of
attorney’s fees. We will overrule the issue.
 
          On appeal, the Associations seek to distinguish their suit challenging an open
records decision of the Attorney General and seeking the withholding of information from
other such suits. Citing Texas Education Agency v. Leeper, 893 S.W.2d 432 (Tex. 1994),
they assert that relief was authorized under the Declaratory Judgments Act because the
Attorney General’s opinion exceeded his statutory authority by interpreting the Insurance
Code in a manner to permit TDI to disclose the identities of insurers. The argument is
unpersuasive. TDI’s basis for withholding the letters and attachments was that they were
made confidential by § 15(b) and thus excepted from disclosure by § 552.101. It was
necessary for the Attorney General to assess the effect of § 15(b) to render the decision
required of him. See Tex. Gov’t Code Ann. § 552.306 (Vernon 2007) (requiring rendition
of Attorney General’s decision). The issue before the Attorney General, and before the trial
court, was like that in other open records cases: whether the information was shown to be
excepted from disclosure. We find no error in the trial court’s determination that the
Associations were not entitled to attorney’s fees. See also Tex. Gov’t Code Ann. § 552.323
(Vernon 1999) (providing for award of attorney’s fees in actions brought under some PIA
provisions). 
 
          Having overruled the Associations’ issues, we affirm the trial court’s judgment.
 
James T. Campbell
Justice