NO. 07-07-0057-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 30, 2008
_____

PROPERTY CASUALTY INSURERS ASSOCIATION OF
AMERICA, AMERICAN INSURANCE ASSOCIATION,
AND NATIONAL ASSOCIATION OF MUTUAL
INSURANCE COMPANIES, APPELLANTS

v.

TEXAS DEPARTMENT OF INSURANCE AND GREG
ABBOTT, ATTORNEY GENERAL OF TEXAS, APPELLEES
_____

FROM THE 126TH DISTRICT COURT OF TRAVIS COUNTY;

NO. GN403012; HON. MARGARET COOPER, PRESIDING
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellants Property Casualty Insurers Association of America, American Insurance

Association, and National Association of Mutual Insurance Companies (the Associations)

bring this appeal from the judgment of the trial court determining that certain information

gathered and maintained by the Texas Department of Insurance is not confidential under

the Insurance Code and thus was subject to disclosure under the Public Information Act.

We affirm.

Procedural and Factual Background

In 2003, the Legislature amended the former Insurance Code[1] by adding article 21.49-2U, which addresses the use of credit information or reports by insurers for underwriting or rating of personal insurance coverage.  The article included a provision directing the Texas Department of Insurance (TDI) to submit a report to the Legislature regarding the use of credit information by insurers in Texas.  That provision, codified in former Insurance Code as article 21.49-2U § 15, provided, in relevant part:

(b) The report required under this section must include:

(1) a summary statement regarding the use of credit information, credit reports, and credit scores by insurers, presented in a manner that protects the identity of individual insurers and consumers;

(2) a description of insurer practices and the effect of different credit models, presented in a manner that protects the identity of individual insurers and consumers[.]

To prepare the report, TDI sent letters requesting data from some insurers.  TDI later received a request under the Public Information Act (PIA), asking for copies of its correspondence to the insurers regarding the report.  TDI resisted the request, taking the

---

[1] Article 21.49-2U was repealed effective September 1, 2005.  *See* Act of June 2, 2003, 78th Leg., R.S., ch. 206, § 3.01, sec. 15, 2003 Tex. Gen. Laws 907, 920, *repealed by* Act of May 24, 2005, 79th Leg., R.S., ch. 728, § 11.020, 2005 Tex. Gen. Laws 2188, 2216.  The current version appears in § 559.001 of the Insurance Code but does not include the provisions of section 15 at issue here.  *See* Tex. Ins. Code Ann. § 559.001 *et seq.* (Vernon 2007). The former version applies here.

position that release of the correspondence would conflict with the requirement of § 15(b) that the identity of individual insurers be protected. Thus, TDI reasoned, the identities of the insurers was information "confidential by law," excepted from disclosure under § 552.101 of the PIA. Tex. Gov't Code Ann. § 552.101 (Vernon 2004). It withheld the correspondence and, in accordance with the PIA, requested a decision from the Attorney General. Tex. Gov't Code Ann. § 552.301 (Vernon 2007). In its written comments to the Attorney General, TDI explained that § 15(b) requires its report must protect the identity of the individual insurers and because each of its letters was addressed to a specific insurer, the letters and related attachments, also tailored to each insurer, would disclose the identity of the insurers in violation of the statute.[2] Thus, TDI contended, to protect the identity of the insurers, the letters should be released only in redacted form and the attachments should be withheld in their entirety.

The Attorney General ruled that the withheld information was subject to release under the PIA because "article 21.49-2U of the Insurance Code specifically addresses the confidentiality of insurers' identities found in the credit scoring report itself, and not the identities found in any information related to the credit scoring report." *See* Tex. Atty's Gen. OR2004-7453. On receiving the Attorney General's ruling, the Associations, on behalf of their member insurers, filed suit against TDI and the Attorney General under the Uniform

---

[2] In its written comments to the Attorney General, TDI described the letters' attachments, stating: "The attachments list the data elements that TDI is requesting from each insurer. The list varies from insurer to insurer because the elements listed on each attachment are specific to each individual insurer. As such, release of the attachments would disclose the identity of the insurer because the identity can be determined by referring to the rate filing manuals, which are public information."

Declaratory Judgments Act and the PIA, challenging the ruling and seeking a declaration as to the proper interpretation of the Insurance Code provision.

The Associations and the defendants each filed motions for summary judgment. The Associations argued the position TDI had taken before the Attorney General, contending TDI's correspondence to the insurers should be considered confidential by law because of § 15(b), and contended the Attorney General was wrong to find the protection to the insurer's identities under § 15(b) was limited to the report itself. The Attorney General's contentions mirrored his open records ruling.

The trial court entered a final judgment that split the baby. It held the "names and addresses of the insurers that appear on the letters and attachments, including names of employees of insurers, acronyms of insurer names and name-identifying insurer slogans" are made confidential by § 15 and therefore excepted from disclosure by PIA § 552.101. It found the remainder of the information, "consisting of letters from the Texas Department of Insurance, with attachments, (with names and addresses redacted)" not excepted from disclosure. The trial court also concluded that the Associations were not entitled to relief under the Uniform Declaratory Judgments Act. Only the Associations filed a notice of appeal.

## Analysis

*Public Information Act*

The pertinent provision of the PIA, encompassed in § 552.101 of the Government Code, excepts from disclosure "information considered to be confidential by law, either

4

constitutional, statutory, or by judicial decision." The PIA is to be liberally construed in favor of granting requests for information. Tex. Gov't Code Ann. § 552.001(b) (Vernon 2004). Exceptions to the PIA are narrowly construed. *Thomas v. Cornyn,* 71 S.W.3d 473, 481 (Tex.App.–Austin 2002, no pet.); *Arlington Indep. Sch. Dist. v. Texas Attorney Gen.*, 37 S.W.3d 152, 157 (Tex.App.–Austin 2001, no pet.).

In its ruling to TDI, the Attorney General opined on whether the disclosure of the information withheld by TDI was required under the PIA. The opinion focused on whether the information was considered "confidential by law" as set forth in § 552.101. There is no dispute that the documents in question fall within the PIA's definition of "public information" and are subject to disclosure unless an exception applies. The Attorney General concluded that the exception set forth in Texas Insurance Code article 21.49-2U § 15 did not extend to any information other than the credit scoring report itself and thus, TDI was required to disclose the information requested. We agree.

*Statutory Construction*

The matter is one of statutory construction. Statutory construction is a question of law and we review the trial court's action *de novo*. *Johnson v. City of Fort Worth,* 774 S.W.2d 653, 656 (Tex. 1989). The primary goal in statutory construction is to ascertain and give effect to the legislature's intent. Tex. Gov't Code Ann. § 311.023 (Vernon 2005).

In making this determination, we look first to the plain and common meaning of the language of the statute. *Fitzgerald v. Advanced Spine Fixation Sys., Inc.,* 996 S.W.2d 864, 865 (Tex. 1999). We must read the statute as a whole and not just isolated portions. *Tex.*

5

*Dep't of Transp v. City of Sunset Valley,* 146 S.W.3d 637, 642 (Tex. 2004). If the meaning of the statutory language is unambiguous, we must interpret it according to its terms, giving meaning to the language consistent with other provisions in the statute. *Id.* We read every word as if it were deliberately chosen and presume that omitted words were excluded purposefully. *Cornyn v. Universe Life Ins. Co.,* 988 S.W.2d 376, 379 (Tex.App.–Austin 1999, pet. denied). We also consider the objective the law seeks to obtain and the consequences of a particular construction. *City of Sunset Valley,* 146 S.W.3d at 642.

Here, § 15 specifically states that "The *report required under this section* must include: (1) a summary statement...presented in a manner that protects the identity of individual insurers and consumers[.]" Tex. Ins. Code Ann. art. 21.49-2U, § 15. (emphasis added). The plain language of the statute refers only to the report itself, not information obtained by TDI for its use in preparation of the report.[3] The Associations argue that reliance on the plain language of the statute leads to an absurd result. We disagree. We see no absurdity in the legislature's choice in § 15 to treat the information contained in the widely-disseminated report[4] required by that section in a manner different from data obtained or held by TDI. We presume that the legislature's words accurately reflect its intentions, and conclude the identity protection required by § 15 extends only to information presented in the report. Our conclusion requires a finding the trial court did not err in

---

[3] The only language in article 21.49-2U specifically addressing open records appears in section 10 of the article, and states that the reports filed by insurers under that section are public information and not subject to any exception from disclosure under the PIA. Tex. Ins. Code Ann. art. 21.49-2U, § 10.

[4] By section 16 of article 21.49-2U, TDI was required to post the report on its website. Tex. Ins. Code Ann. art. 21.49-2U, § 16.

determining that the letters from TDI, with attachments (names and addresses redacted), are not excepted from disclosure under § 552.101. We overrule the Associations' first point of error.

*Relief Pursuant to Uniform Declaratory Judgments Act*

By their second issue, the Associations contend the trial court erred in its determination that the Uniform Declaratory Judgments Act was not a "proper basis for review of this action," and the PIA did not permit the Associations to seek an award of attorney's fees. We will overrule the issue.

On appeal, the Associations seek to distinguish their suit challenging an open records decision of the Attorney General and seeking the withholding of information from other such suits. Citing *Texas Education Agency v. Leeper*, 893 S.W.2d 432 (Tex. 1994), they assert that relief was authorized under the Declaratory Judgments Act because the Attorney General's opinion exceeded his statutory authority by interpreting the Insurance Code in a manner to permit TDI to disclose the identities of insurers. The argument is unpersuasive. TDI's basis for withholding the letters and attachments was that they were made confidential by § 15(b) and thus excepted from disclosure by § 552.101. It was necessary for the Attorney General to assess the effect of § 15(b) to render the decision required of him. *See* Tex. Gov't Code Ann. § 552.306 (Vernon 2007) (requiring rendition of Attorney General's decision). The issue before the Attorney General, and before the trial court, was like that in other open records cases: whether the information was shown to be excepted from disclosure. We find no error in the trial court's determination that the

7

Associations were not entitled to attorney's fees.  *See also* Tex. Gov't Code Ann. § 552.323 (Vernon 1999) (providing for award of attorney's fees in actions brought under some PIA provisions).

Having overruled the Associations' issues, we affirm the trial court's judgment.


James T. Campbell
Justice