**HOUSTON MUNICIPAL EMPLOYEES PENSION SYSTEM, Appellant**

v.

**Greg ABBOTT, Attorney General of Texas, Appellee.**

No. 06–05–00055–CV.

Court of Appeals of Texas, Texarkana.

Submitted April 18, 2006.

Decided May 9, 2006.

---

Bob E. Shannon Kevin M. Sadler, Baker Botts, LLP, Austin, John R. Mercy, Mercy Carter Tidwell, LLP, Texarkana, for appellant.

Jason D. Ray, Austin, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice CARTER.

Houston Municipal Employees Pension System (HMEPS) appeals from the denial of its request for a declaratory judgment. HMEPS had asked Greg Abbott, the Attorney General of Texas, for direction concerning the scope of its necessary response to information sought by the news media. HMEPS disagreed with parts of the Attorney General's conclusions, and sought judicial direction. The trial court agreed with the Attorney General's conclusion that HMEPS was required to produce certain documents. This appeal ensued.

A television station asked HMEPS to provide it with information about income,

salaries, benefits, and bonuses provided to the executive director and members of the Pension Board. HMEPS provided part of the information, but decided that some of the records could not be released because of the confidentiality provisions of the Pension Statute. At that point in the proceedings, there were a number of different records sought. Since then, the scope has been narrowed to two categories of records, as set out below.

HMEPS sought an open records decision from the Attorney General's Office. The Attorney General declared that Section 26 of the Pension Statute did not remove information relating to the pension fund participants from the scope of the Public Information Act (PIA) and informed HMEPS that it was required to release a number of items, some redacted, some complete, and that some items could be withheld under the exceptions of the PIA. HMEPS followed the Attorney General's directives, for all but two categories of documents that remain in dispute.

HMEPS then sought a declaratory judgment. The trial court declared that it had to produce unredacted copies of the two types of items that remain at issue.

HMEPS appeals, arguing that it should not have to produce: (1) records showing pay and bonuses of HMEPS employees who are also HMEPS participants; and (2) schedules[1] disclosing pension payments to individual HMEPS participants, participants' requests for disability benefits, participants' payments to HMEPS for increased benefits, and participants' requests to change or commence participation in different programs or groups offered by the fund.

**Underlying Concepts: Review of Statutory Pronouncements**

When interpreting statutes, we try to give effect to legislative intent. Legislative intent remains the polestar of statutory construction. However, it is cardinal law in Texas that a court construes a statute, first, by looking to the plain and common meaning of the statute's words. If the meaning of the statutory language is unambiguous, we adopt, with few exceptions, the interpretation supported by the plain meaning of the provision's words and terms. Further, if a statute is unambiguous, rules of construction or other extrinsic aids cannot be used to create ambiguity. *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex.1999); *accord In re Entergy Corp.*, 142 S.W.3d 316 (Tex.2004).

**Are the Records Subject to Disclosure Under the Public Information Act?**

█ The position of HMEPS is quite straightforward. It argues that the trial court's ruling, essentially adopting the Attorney General's argument, was incorrect and that TEX.REV.CIV. STAT. ANN. art. 6243h, Section 26(a), specifies that the records are NOT public information, and thus, the PIA does not apply. The Pension Statute provides that:

> (a) **Records that are in the custody of the pension system** concerning an individual member, deferred participant, retiree, eligible survivor, beneficiary, or alternate payee **are not public information under Chapter 552 Government Code,** *and* may not be disclosed in a form identifiable to a specific individual unless: [a list of exceptions, none of which are applicable on their face to this case].

---

**1.** Those schedules were reviewed by the Board during its deliberations—and one of the Attorney General's arguments is that they should be obtainable as being "minutes" of those deliberations. We will address that argument at the conclusion of this opinion.

(Emphasis added.) HMEPS contends that these are such records, in the custody of the pension system, concerning individual members, and thus—by the explicit and clear language of the statute—the records are not public information.

HMEPS is correct. The Attorney General presents four reasons why these records must be released: (1) it is contrary to the plain language and core principles of the PIA, (2) there is an internal inconsistency in the Pension Statute, (3) it would create an exception that would allow HMEPS to administratively operate outside of any public scrutiny, and (4) the records are public information because they could be disclosed if identifying information is redacted. We will address these issues:

*(1) Contrary to the plain language and core principles of the PIA.*

It is true, as the Attorney General argues, that the PIA should be liberally construed and that the manner and degree to which public funds are expended is of public interest. Based on that premise, the Attorney General argues that it is proper to distinguish records from HMEPS that pertain to staff as public employees and records solely as pension system members. The Attorney General suggests that finding such a distinction allows "the pension system statute and the PIA to be read in harmony." That may be a valid suggestion for the Legislature to consider, but the statute that we must interpret makes no such distinction in the records in the custody of HMEPS.

*(2) Internal inconsistency in the Pension Statute.*

The Attorney General also argues that the records should be released because another portion of the Pension Statute (Section 26(b)) specifically allows disclosure of the fact that a particular person is a participant in the system. The Attorney General argues that Section 26(a) and (b) can only be harmonized by construing 26(a) "narrowly"—it prohibits the public release of pension information only when such release would identify a pension individual and pension system information. Identifying a person as a participant is not equivalent to providing details about that person's participation. The records, which could (but might not) contain such details are the specific type of documents that are not subject to the PIA. The Pension Statute does not differentiate between various types of records held by the pension system—or suggest that some are subject to the PIA while some are not—or that some might be shifted to be under the aegis of the PIA if some particular type of information was redacted from the record. Again, the statute states that records in custody of the system concerning individual members are not public information under Chapter 552 of the Texas Government Code. *See* Tex. Gov't Code Ann. §§ 552.001–.353 (Vernon 2004 & Supp. 2005). That pronouncement has a degree of clarity uncommon to many legislative enactments.

*(3) It would create an exception that would allow HMEPS to administratively operate outside of any public scrutiny.*

We recognize that the reason behind the Attorney General's reasoning is this: part of the information sought was salary and bonus records, which are—*when public information*—discoverable under the PIA. That argument, nonetheless, runs contrary both to the language of the Pension Statute and the internal pronouncement of the PIA itself. *See* Tex. Gov't Code Ann. § 552.101 (Information is excepted from the requirements of the Act if it is confidential by law—either constitutional, statutory, or by judicial decision.).

*(4) May the records be released if identifying information has been redacted?*

■ The Attorney General further argues that the schedules are public information because one section of Section 26(a) allows the release of some records if identifying information has been redacted.

To reach that conclusion, the Attorney General theorized that, if the information was "de-identified" to remove the names, the information was within the scope of the Act, and subject to disclosure. The Attorney General suggests that the records are not excluded unless they provide information about individual members AND also are not redactable to hide the identity of the individual.

That position ignores the clear language of the Pension Statute. The "and" phrase on which the Attorney General relies does not either necessarily or by any reasonable implication require that combination of factors *before* the records are "not public information." The statute contains two separate confidentiality clauses, designed to protect records in two different situations: (1) the records are not public information (thus not required to be produced under the PIA), and (2) the records may not be disclosed in a form identifying the individual (except in certain, specified circumstances).

The Pension Statute specifically states that records in the custody of the pension system about its members are not subject to the PIA. We have no authority or inclination to rewrite a clear statutory pronouncement.

**Are the HMEPS Schedules Subject to Disclosure Under the Open Meetings Act?**

■ The Attorney General also suggests that the documents should be available because the Open Meetings Act requires disclosure of the minutes of an open meeting. *See* TEX. GOV'T CODE ANN. § 551.022. This argument, and its statutory support, was not presented to the trial court, and is thus not properly before us for review. *See* TEX.R.APP. P. 33.1. Although the trial court did mention the Act while making its oral ruling, the ruling was not based on that Act, and it does not appear in the trial court's judgment.

■ As pointed out by appellant, however, even if that theory of recovery was before this Court, that Act requires "minutes" to be released to the public. Minutes are required to (1) state the subject of deliberation, and (2) indicate the result of the vote or decision. TEX. GOV'T CODE ANN. § 551.021(b). The Attorney General argues that, because during the meetings the schedules addressing pension payments and requests for benefits were considered during the Board's deliberations, and because those schedules have been filed along with the minutes, they are equivalent to being part of the minutes. The Attorney General has directed us to no authority requiring that result, and we are aware of none.

We reverse and render judgment in favor of the Houston Municipal Employees Pension System.