

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00075-CV
_____

TEXAS MEDICAL BOARD, Appellant

V.

GREG ABBOTT, ATTORNEY GENERAL OF TEXAS, Appellee

On Appeal from the 126th Judicial District Court
Travis County, Texas
Trial Court No. D-1-GN-10-000442

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

OPINION

In this case of first impression, the Texas Medical Board (Board) appeals a summary judgment[1] entered in favor of Greg Abbott, Attorney General of Texas (AG) requiring the Board to disclose the telephone and fax numbers of physicians-in-training and visiting physicians under the Public Information Act (PIA).[2] We determine that the telephone and fax numbers of visiting physicians are exempted from disclosure under the Medical Practice Act, while the information relating to physicians-in-training is not exempted. Accordingly, we affirm the judgment with respect to physicians-in-training and reverse the judgment requiring disclosure of the telephone and fax numbers of visiting physicians.

## I.      Factual and Procedural Background

On October 15, 2009, the Board received a PIA request from requestor Eddie McKibben of Optimum Healthcare for:

> [A]ll contact information (name, Company name, address, city, state, zip, telephone, and fax numbers) via electronic file for all of the following categories in the State of Texas from January 1990 to October 15th 2009:
>
> Physician Applicants
> Licensed Physicians

---

[1] Originally appealed to the Third Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005). We are unaware of any conflict between precedent of the Third Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2] "The attorney general shall prosecute and defend all actions in which the state is interested before the supreme court and courts of appeals." TEX. GOV'T CODE ANN. § 402.021 (West 2005). Thus, "where two state agencies are on opposite sides of a lawsuit, the attorney general is required to represent both agencies." Op. Tex. Att'y Gen. No. JM-28 (1983), *available at* https://www.oag.state.tx.us/opinions/opinions/47mattox/op/1983/htm/jm0028.htm.

2

<div style="margin-left: 2em">

Physicians in Training[3]

Board-Approved Fellowship Application (Word/657kb)

Visiting Physician Temporary Permit[4]

Physician Assistants

Applicants

Acupuncturist Applicants[5]

</div>

The Board provided all of the requested information except for telephone and fax numbers because it believed this information was confidential pursuant to the Medical Practice Act.

The Medical Practice Act,[6] specifically Section 156.006 of the Texas Occupations Code, requires "license holders" to submit telephone and fax numbers to the Board so that the Board may contact the license holder in the event of an emergency and further provides:

> The information provided by a license holder under this section is confidential and is not subject to disclosure under Chapter 552, Government Code. The board may not publish, release, or make available information provided by a license holder under this section except [in the event of a public health emergency].

TEX. OCC. CODE ANN. § 156.006(d) (West 2012). Another exemption from disclosure is provided in Section 164.007(c), which states:

> Each complaint, adverse report, investigation file, other investigation report, and other investigative information in the possession of or received or gathered by the board or its employees or agents relating to a license holder, an application for license, or a criminal investigation or proceeding is privileged and confidential

---

[3]Physicians in training may perform medical acts if (1) a person participating in a graduate medical education training program approved by the board obtains a permit, (2) the act is performed as a part of the training program, and (3) the act is performed under the supervision of a physician. TEX. OCC. CODE ANN. § 155.105 (West 2012).

[4]Visiting physicians can practice medicine in a location designated as either a health professional shortage area or a medically underserved area under the supervision of a licensed Texas physician for a limited time. TEX. OCC. CODE ANN. § 155.101 (West 2012); 22 TEX. ADMIN. CODE ANN. § 172.5 (West, Westlaw 2012).

[5]There is no argument that the telephone and fax numbers are considered "public information." *See* TEX. GOV'T CODE ANN. § 552.002 (West 2012).

[6]TEX. OCC. CODE ANN. § 151.001 (West 2012).

and is not subject to discovery, subpoena, or other means of legal compulsion for release to anyone other than the board or its employees or agents involved in discipline of a license holder. For purposes of this subsection, investigative information includes information relating to the identity of, and a report made by, a physician performing or supervising compliance monitoring for the board.

TEX. OCC. CODE ANN. § 164.007(c) (West 2012). According to a December 4, 2006, Letter Ruling OR2006-14198 from the AG interpreting this exception, "Section l64.007(c) of the Occupations Code is applicable to investigatory records compiled by the board during an investigation of an application for license."

A governmental body that receives a written request for information that it wishes to withhold from public disclosure and that it considers to be within one of the exceptions . . . must ask for a decision from the attorney general about whether the information is within that exception if there has not been a previous determination about whether the information falls within one of the exceptions.

TEX. GOV'T CODE ANN. § 552.301 (West 2012). The Board requested a letter ruling from the Open Records Division of the Office of the Attorney General.

In a January 11, 2010, Letter Ruling OR 2010-00521, the AG determined that the telephone and fax numbers of all of the requested categories were to be kept confidential, except for the telephone and fax numbers of physicians-in-training and visiting physicians. This Letter Ruling reasoned that because physicians-in-training and visiting physicians have permits, not licenses, Sections 156.006 and 164.007 did not apply to exempt the information from disclosure.

Believing that both physicians-in-training and visiting physicians were granted licenses to practice medicine, not permits, the Board filed suit in Travis County against the AG under

4

Section 552.324 of the Texas Government Code[7] on February 11, 2010. The Board requested declaratory relief "that this Court find that the withheld information is confidential by law and therefore excepted from disclosure under the [PIA] under sections 552.101 of the Government Code," and moved for summary judgment. The AG filed a cross-motion for summary judgment arguing that the "confidentiality provisions apply only to license holders, not permit holders." The trial court denied the Board's motion and granted the AG's motion, prompting the Board's appeal.

## II.    Standard of Review

Both the Board and the AG filed motions for summary judgment, and each bore the burden of establishing their entitlement to judgment as a matter of law. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000). "When the trial court grants one motion and denies the other, the reviewing court should determine all questions presented" and should "render the judgment that the trial court should have rendered." *Id.*

Section 552.001 of the PIA states:

Under the fundamental philosophy of the American constitutional form of representative government that adheres to the principle that government is the servant and not the master of the people, it is the policy of this state that each person is entitled, unless otherwise expressly provided by law, at all times to

---

[7]Section 552.324 of the Texas Government Code states, in pertinent part:

The only suit a governmental body may file seeking to withhold information from a requestor is a suit that:
    (1) is filed in a Travis County district court against the attorney general in accordance with Section 552.325; and
    (2) seeks declaratory relief from compliance with a decision by the attorney general . . . .

TEX. GOV'T CODE ANN. § 552.324 (West 2012).

5

complete information about the affairs of government and the official acts of public officials and employees.

TEX. GOV'T CODE ANN. § 552.001 (West 2012). The PIA is "liberally construed in favor of granting a request for information," and unless an exception applies, disclosure of public information is required under the PIA. TEX. GOV'T CODE ANN. §§ 552.001, 552.101 (West 2012). Information is excepted from disclosure if "it is information considered to be confidential by law, either constitutional, statutory, or by judicial decision." TEX. GOV'T CODE ANN. § 552.101.

"[W]hether information is subject to the [PIA] and whether an exception to disclosure applies to the information are questions of law." *City of Garland*, 22 S.W.3d at 357 (citing *A&T Consultants, Inc. v. Sharp*, 904 S.W.2d 668 (Tex. 1995)). To make this determination, we must construe the PIA and asserted exemptions under the Medical Practice Act in order to determine the interaction between these laws. *See Abbott v. Tex. Dep't of Mental Health & Mental Retardation*, 212 S.W.3d 648, 655 (Tex. App.—Austin 2006, no pet.). Under the PIA, public information is available upon request and may not be withheld from disclosure unless it falls within an exception to disclosure provided for in the PIA. *In re City of Georgetown*, 53 S.W.3d 328, 331 (Tex. 2001) (orig. proceeding); *Arlington Indep. Sch. Dist. v. Tex. Attorney Gen.*, 37 S.W.3d 152, 157 (Tex. App.—Austin 2001, no pet.). Exceptions to disclosure under the PIA are to be narrowly construed. *Arlington Indep. Sch. Dist.*, 37 S.W.3d at 157. In light of the PIA's strong policy favoring disclosure, and consistent with the PIA's "placement of the burden of proof on a governmental body when seeking an open records determination from the attorney

6

general, the governmental entity has the burden of proving in a judicial proceeding that an exception to disclosure applies." *Tex. Dep't of Pub. Safety v. Abbott*, 310 S.W.3d 670, 674 (Tex. App.—Austin 2010, no pet.) (citing *Thomas v. Cornyn*, 71 S.W.3d 473, 488 (Tex. App.—Austin 2002, no pet.).

Statutory construction is also generally a matter of law. *Dallas Morning News*, 22 S.W.3d at 357. When interpreting statutes, we try to give effect to legislative intent, which remains "the polestar of statutory construction." *Houston Mun. Employees Pension Sys. v. Abbott*, 192 S.W.3d 862, 864 (Tex. App.—Texarkana 2006, pet. denied). "However, it is cardinal law in Texas that a court construes a statute, first, by looking to the plain and common meaning of the statute's words." *Id.* "If the meaning of the statutory language is unambiguous, we adopt, with few exceptions, the interpretation supported by the plain meaning of the provision's words and terms." *Id.* "Further, if a statute is unambiguous, rules of construction or other extrinsic aids cannot be used to create ambiguity." *Id.* (citing *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex. 1999); *In re Entergy Corp.*, 142 S.W.3d 316 (Tex. 2004)).

## III.    Analysis

Sections 156.006 and 164.007 of the Medical Practice Act only provide exceptions to disclosure under the PIA for "license holders." TEX. OCC. CODE ANN. §§ 156.006(d), 164.007(c). The term "license" or "license holder" is not defined in the Medical Practice Act.

7

Therefore, the resolution of this case depends upon whether physicians-in-training and visiting physicians are license holders as determined by the Legislature's intent when enacting the statutory framework.[8]

### A.    The Parties' Arguments

The Board argues that "because a person cannot practice medicine in Texas without holding a 'license' issued under the Medical Practice Act," a person necessarily holds a license if the Board has authorized a person to engage in any of the actions described as "practicing medicine." Section 151.002 of the Medical Practice Act defines "physician" and "practicing medicine":

> (a)(12) "Physician" means a person licensed to practice medicine in this state. . . .
>
> (13) "Practicing medicine" means the diagnosis, treatment, or offer to treat a mental or physical disease or disorder or a physical deformity or injury by any system or method, or the attempt to effect cures of those conditions, by a person who: . . . .
>
> (B) directly or indirectly charges money or other compensation for those services.

TEX. OCC. CODE ANN. § 151.002. However, while the definitional language clarifies that physicians are license holders, it is not so broad as to suggest that any person who practices medicine is a license holder. Indeed, even people who are unauthorized to practice by the Board can still engage in acts of practicing medicine under the definition (although not without consequence). Thus, the definitions in Section 151.002 do not resolve the question of whether physicians-in-training and visiting physicians are license holders or permit holders.

---

[8]The Board also suggests that a permit "is a type of license."

8

The AG points to distinctions between permits and license holders, which were previously made by the AG in a January 8, 2007, Letter Ruling OR2007-00210:

> You have not explained why section 164.007(c) should be construed to encompass information relating to a [physician-in-training] application or demonstrated how section 164.007(c) could be so interpreted. Compare Occ. Code § 155.105(a) (board may issue physician-in-training permit to physician not otherwise licensed by board) with id. §§ 155.001 (person may not practice medicine in this state unless person holds license issued under this subtitle), 155.002 board may issue license to practice medicine to person who submits license application and meets statutory eligibility and examination requirements), 155.0031(a) (prescribing procedures and requirements for application for license). In fact, the board's rules define a [physician-in-training] permit as "a permit issued by the board . . . to a physician who does not hold a license to practice medicine in Texas." 22 T.A.C.§ 171.3(a)(6)(A). Thus, we conclude that you have not demonstrated that the submitted information is confidential under section I64.007(c) of the Occupations Code.

A July 11, 2006 Letter Ruling OR2006-07365 employed similar reasoning. However, "opinions of the attorney general are not binding on the courts." *Thomas*, 71 S.W.3d at 483. Instead, we turn to the statutes and the legislative intent to resolve the question at hand.

### B.      Visiting Physicians Are License Holders

The Legislature's language in the Medical Practice Act Section 155.101, the visiting physician statute, provides: "On application, the board shall grant a provisional *license* to practice medicine in a location described by Subsection (e) to an applicant for a license under this subtitle who is licensed in good standing as a physician in another state." TEX. OCC. CODE ANN. § 155.101 (emphasis added). "The words the Legislature employed are the best indicators of legislative intent." *Am. Zurich Ins. Co. v. Samudio*, No. 10-0554, 2012 WL 2476798, at *4 (Tex. June 29, 2012). Thus, the plain and common meaning of the statute suggests that visiting

9

physicians are license holders, and disclosure of their telephone and fax numbers would not be required.[9] This is consistent with the exemption under Section 164.007, which would require an investigation that the visiting physician does in fact hold a license in another state and is in good standing with that state's medical board.

Section 155.104 of the Medical Practice Act grants the Board authority to adopt rules. TEX. OCC. CODE ANN. § 155.104; *see* 22 TEX. ADMIN. CODE ANN. § 161.1 (West, Westlaw 2012). The AG argues that visiting physicians are not license holders because Board Rule 172.5, which describes the issuance of a "temporary permit" to visiting physicians, is limited in scope and duration of practice, allowing practice only "under the supervision of a licensed Texas physician" for up to ten days. 22 TEX. ADMIN. CODE ANN. § 172.5. While the Board uses the language "visiting physician temporary permit" in this Rule, which is listed under the subchapter entitled "temporary license," our duty is to interpret the Legislature's intent from statutory language in the Medical Practice Act, not the Board's intent with respect to its rules, as the Board would not be authorized to circumvent legislative intent. *See* 22 TEX. ADMIN. CODE ANN. § 172.1 (West, Westlaw 2012), § 172.5.

We find that visiting physicians are license holders under the Medical Practice Act and that their telephone and fax numbers were exempted from disclosure in this case.

---

[9]Also, the exemptions in the Medical Practice Act state that information provided by license holders or those applying for licenses are confidential. TEX. OCC. CODE ANN. §§ 156.006(d), 164.007(c). By definition, visiting physicians hold a license from another State.

## C. Physicians-in-Training Are Permit Holders

In the case of a physician-in-training, "(b) A physician-in-training permit does not authorize the performance of a medical act by the permit holder unless the act is performed: (1) as a part of the graduate medical education training program; and (2) under the supervision of a physician." TEX. OCC. CODE ANN. § 155.105(b). The physician-in-training statute is titled by the Legislature as a "Physician-In-Training Permit," and is placed under a subchapter entitled "certain temporary licenses or permits." TEX. OCC. CODE ANN. § 155.105(a) It reads: "(a) The board as provided by board rule may issue a physician-in-training permit to a physician not otherwise licensed by the board who is participating in a graduate medical education training program approved by the board." TEX. OCC. CODE ANN. § 155.105(a).[10] Again, the plain language of this statute controls, and suggests that physicians-in-training are permit holders. We presume that every word of a statute was used for a purpose and that every word excluded from a statute was excluded for a purpose. *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 659 (Tex. 1995).

Our ruling that the physicians-in-training are permit holders is bolstered by the corresponding Board Rule 171.3, located under the chapter title "Postgraduate Training Permits," which reads: "[a] physician-in-training permit is a permit issued by the board in its discretion to a physician who does not hold a license to practice medicine in Texas and is enrolled in a training program. . . ." 22 TEX. ADMIN. CODE ANN. § 171.3(6)(A) (West, Westlaw 2012). Rule

---

[10]The Board suggests that the language "not otherwise licensed" acknowledges that "the permit issued to a physician-in-training is a type of license." We disagree, as the plain language of the statute refers to issuance of a permit, which might not be necessary if a physician-in-training was otherwise licensed.

171.2 also refers to physicians-in-training with permits under 171.3 as "permit holders." 22 TEX. ADMIN. CODE ANN. § 171.2 (West, Westlaw 2012).

We find that physicians-in-training are permit holders under the Medical Practice Act and that their telephone and fax numbers were not exempted from disclosure in this case.

## IV.    Conclusion

We affirm the judgment with respect to physicians-in-training. The portion of the judgment requiring disclosure of the telephone and fax numbers of visiting physicians is reversed, and judgment is rendered that visiting physicians are exempt from the sought disclosures.


Jack Carter
Justice


Date Submitted:        August 8, 2012
Date Decided:          September 6, 2012


12