# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-11-00481-CV

---

**Greg Abbott, Attorney General of Texas, Appellant**

**v.**

**Texas State Board of Pharmacy, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
NO. D-1-GN-10-000822, HONORABLE TIM SULAK, JUDGE PRESIDING**

---

## O P I N I O N

The issue presented in this appeal is whether the Medical Practice Act grants a requestor the right to obtain his or her prescription record from the Texas State Board of Pharmacy, even though the record is part of a confidential, investigative file and otherwise excepted from disclosure under the Texas Public Information Act (PIA). *See generally* Tex. Gov't Code Ann. §§ 552.001-.353 (West 2012). A complainant in an investigation conducted by the Board sought a copy of the Board's investigative file. The Board believed that the entire file, including the requestor's own prescription, was confidential under the Texas Pharmacy Act and consequently, "confidential by law" under section 552.101 of the PIA. *See id*. § 552.101 (providing that information is excepted from disclosure if it is information "considered to be confidential by law, either constitutional, statutory, or by judicial decision"). Upon the Board's request for a ruling, the Attorney General issued a letter ruling, concluding that the file was generally confidential and not subject to disclosure,

with the exception of the requestor's prescription record. The Attorney General reasoned that the requestor has a right to his prescription record under the medical practice act and that this right trumps the Board's claim of confidentiality under the pharmacy act. The Board sued Greg Abbott, Attorney General for the State of Texas, challenging the ruling with respect to the prescription record. In response to competing motions for summary judgment, the district court granted summary judgment in favor of the Board. The Attorney General filed this appeal. We affirm the judgment of the district court.

## BACKGROUND

Under the Texas Pharmacy Act, the Board is the state agency charged with regulating the practice of pharmacy in the state. *See generally* Tex. Occ. Code Ann. §§ 551.001-569.006 (West 2012). As part of that charge, the Board may investigate and gather evidence concerning alleged violations of the pharmacy act or Board rules. *Id.* § 565.055(a). The Board is also authorized to bring disciplinary action against pharmacists in certain circumstances. *See id.* §§ 565.051, .055.

The facts in this case are undisputed. In April of 2009, Ardeshir Ashtiani filed a complaint with the Board against a pharmacist who, according to Ashtiani, refused to fill his valid prescription. In November 2009, Ashtiani made a request under the PIA for the Board's entire investigative file relating to that pharmacist. In response, the Board submitted a timely request for a decision from the Attorney General that the file was "confidential by law" and excepted from disclosure under section 552.101 of the PIA. *See* Tex. Gov't Code Ann. § 552.301 (providing that governmental body that receives written request for information that it wishes to withhold under PIA exception must generally ask for decision from attorney general about whether information is within

2

that exception). The Attorney General issued a letter ruling determining that the file was "generally confidential under section 565.055 of [the pharmacy act]," and therefore not subject to disclosure under the PIA. Tex. Att'y Gen. OR2010-02198; *see* Tex. Occ. Code Ann. § 565.055. Nevertheless, the Attorney General ruled that the Board could not withhold the requestor's own prescription record. The Attorney General reasoned that the prescription is a medical record under the medical practice act and therefore subject to release to the requestor upon proper consent. Tex. Att'y Gen. 2010-02198; *see generally* Tex. Occ. Code Ann. §§ 151.001-168.202 (West 2012 & Supp. 2012).

The Board filed suit against the Attorney General, challenging the ruling with respect to the requestor's prescription record. *See* Tex. Gov't Code Ann. § 552.324. Both the Board and the Attorney General moved for summary judgment on the issue of whether the requestor's prescription record is excepted from disclosure. Upon considering the competing motions, the trial court granted the Board's motion for summary judgment and denied the Attorney General's motion for summary judgment. In a single issue on appeal, the Attorney General asserts that the trial court erred in granting summary judgment in favor of the Board because the Board failed to meet its burden to prove, as a matter of law, that the prescription record is excepted from disclosure under section 552.101 of the PIA.

## STANDARD OF REVIEW

Summary judgments are reviewed de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Summary judgment is proper where the movant establishes that there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion. Tex. R. Civ. P. 166a(c). We review the

3

evidence presented in the motion and the response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

On cross-motions for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law. *See City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000). When, as here, both parties move for summary judgment on the same issue and the trial court grants one motion and denies the other, the reviewing court considers the summary-judgment evidence presented by both sides, determines all questions presented, and if the reviewing court finds that the trial court erred, renders the judgment that the trial court should have rendered. *Fielding*, 289 S.W.3d at 848.

Issues of statutory construction are questions of law that are reviewed de novo. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). In construing a statute, our primary objective is to determine the legislature's intent, which, when possible, we discern from the plain meaning of the words chosen. *Id*. Accordingly, once the facts are established, a determination of whether an exception under the PIA applies to support the withholding of public information is a question of law. *See City of Garland*, 22 S.W.3d at 357.

## DISCUSSION

### The Texas Public Information Act

The PIA governs public access to information held by governmental bodies. *See generally* Tex. Gov't Code Ann. §§ 552.001-.353. The PIA reflects a policy of public access to

4

complete information about the affairs of government and the official acts of public officials and employees. *See id*. § 552.001(a). To that end, the legislature has mandated that the PIA is to be liberally construed in favor of granting requests for information. *Id*. § 552.001(b).

Under the PIA, information that is collected, assembled, or maintained by or for a governmental body is "public information." *Id*. § 552.002. A governmental body must make public information available upon request and may not withhold public information unless it falls within an exception to disclosure provided for in the PIA. *In re City of Georgetown*, 53 S.W.3d 328, 331 (Tex. 2001) (orig. proceeding)*; Arlington Indep. Sch. Dist. v. Texas Attorney Gen*., 37 S.W.3d 152, 157 (Tex. App.—Austin 2001, no pet.). The PIA provides a wide range of exceptions to disclosure. *See generally* Tex. Gov't Code Ann. §§ 552.101-.1425; *Arlington Indep. Sch. Dist*., 37 S.W.3d at 157. A governmental body that wishes to withhold requested information must request a determination from the attorney general, asserting which exceptions under the PIA permit the governmental body to withhold the information. *See* Tex. Gov't Code Ann. § 552.301.

In this case, the Board does not dispute that the requestor's prescription record is "public information" within the meaning of the PIA. However, the Board contends that the entire file, including the requestor's prescription record, is excepted from disclosure under section 552.101 of the PIA. Information is excepted from disclosure under section 552.101 of the PIA if it is "information considered to be confidential by law, either constitutional, statutory, or by judicial decisions." *Id*. § 552.101. The Board contends that the entire file is "confidential by law" because it is confidential under section 565.055 of the pharmacy act. *See* Tex. Occ. Code Ann. § 565.055.

Section 565.055 of the pharmacy act provides that:

(b)     Information or material compiled by the board in connection with an investigation, including an investigative file of the board, is confidential and not subject to:

(1)     disclosure under [the PIA]; or

(2)     any means of legal compulsion for release, including disclosure, discovery, subpoena, to anyone other than the board or a board employee or board agent involved in discipline of a license holder.

*Id*. The Attorney General acknowledges that the Board's entire investigative file is "generally confidential under section 565.055 of [the pharmacy act]." *See* Tex. Att'y Gen. OR2010-02198. In addition, the Attorney General does not dispute that the requestor's prescription is properly part of the Board's investigative file. Instead, the Attorney General's sole argument is that, despite any claim of confidentiality under the pharmacy act, the medical practice act permits the release of the requestor's own prescription record to him. Specifically, the Attorney General argues that (1) the requestor's prescription record is a "medical record" under the medical practice act, (2) the medical practice act expressly provides the patient with a special right of access to his or her own medical records, and (3) this right of access to medical records under the medical practice act prevails over any claim of confidentiality under section 565.055 of the pharmacy act.

**Right of access under the Medical Practice Act**

Under chapter 159 of the medical practice act, physician–patient communications and medical records are considered "confidential and privileged and may not be disclosed except as provided by the [medical practice act]." Tex. Occ. Code Ann. § 159.002(a)-(b). This privilege may be claimed by the patient or by the physician, on behalf of the patient. *Id*. § 159.002(e). The medical

6

practice act provides several exceptions to this privilege with respect to court or administrative proceedings. *See id*. § 159.003(a). For example, the medical practice act provides that an exception to the privilege of confidentiality exists "in a proceeding brought by a patient against a physician" or "if the patient or person authorized to act on the patient's behalf submits a written consent to the release of the confidential information as provided by Section 159.005."[1] *Id*. § 159.003(a)(1)-(2). The medical practice act also provides eight exceptions to the privilege with respect to specific situations outside of court or administrative proceedings, "allowing disclosure of confidential information by a physician." *Id*. § 159.004. For example, an exception to the privilege of confidentiality exists with respect to "a governmental agency, if the disclosure is required or authorized by law" or to "a person who has consent, as provided by Section 159.005." *Id*. § 159.004(1), (5).

There is no dispute that the requestor's prescription record is a "medical record" within the medical practice act and considered confidential and privileged under section 159.002. *See* Tex. Occ. Code Ann. §§ 151.002(a)(9) (defining "medical record" as "all records relating to the history, diagnosis, treatment, or prognosis of a patient"), 159.002(b) ("A record of the identity, diagnosis, evaluation, or treatment of a patient by a physician that is created or maintained by a physician is confidential and privileged and may not be disclosed except as provided by this

---

[1] Section 159.005 outlines the procedural and substantive requirements for a valid consent under the medical practice act. *See generally* Tex. Occ. Code Ann. § 159.005 (West 2012). For instance, the consent for release of confidential information must be in writing and signed by the patient, or certain specified representatives of the patient. *Id*. § 159.005(a). Further, the written consent must specify the information to be released, the purpose for the release, and the person to whom the information is to be released. *Id*. § 159.005(b).

chapter.").  Accordingly, the remaining issues before this Court are (1) whether the medical practice act provides a patient with a special right of access to his or her own medical records and (2) if so, whether such access is required under the PIA even when the records are part of a confidential investigative file compiled by the Board.  The resolution of this first issue turns on the proper construction of chapter 159 of the medical practice act.

In construing a statute, our primary objective is to give effect to the legislature's intent.  *See State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006).  Ordinarily, we are confined to the plain language of the statute, construing the statute as a whole, as opposed to isolated provisions.  *Mid-Century Ins. Co. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007); *see State v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002) ("[W]e determine legislative intent from the entire act and not just isolated provisions.").  We presume that every word of the statute was used for a purpose, and that every word excluded was excluded for a purpose.  *Texas Dep't of Pub. Safety v. Abbott*, 310 S.W.3d 670, 673 (Tex. App.—Austin 2010, no pet.).  We also presume that the legislature intended all provisions of the statute to be effective, with a just and reasonable result.  *City of Dallas v. Abbott*, 304 S.W.3d 380, 384 (Tex. 2010).  Further, we give due consideration to attorney general decisions in cases involving the PIA, under which the attorney general is mandated to determine the applicability of exceptions to disclosure.  *Abbott v. City of Corpus Christi*, 109 S.W.3d 113, 121 (Tex. App.—Austin 2003, no pet.); *Rainbow Grp., Ltd. v. Texas Emp't Comm'n*, 897 S.W.2d 946, 949 (Tex. App.—Austin 1995, writ denied).

Here, the Attorney General contends that the requestor's right of access is established under section 159.002(c) and section 159.004(5) of the medical practice act. Section 159.002(c) states:

(c)     A person who receives information from a confidential communication or record as described by this chapter, other than a person listed in section 159.004 who is acting on the patient's behalf, may not disclose the information except to the extent that disclosure is consistent with the authorized purposes for which the information was first obtained.[2]

Tex. Occ. Code Ann. § 159.002(c).  Similarly, Section 159.004(5) provides:

An exception to the privilege of confidentiality in a situation other than a court or administrative proceeding, *allowing* disclosure of confidential information *by a physician*, exists only with respect to the following:

(5)     a person who has [the patient's] consent, as provided by section 159.005.

*Id*. § 159.004(5) (emphasis added).  The Attorney General argues that section 159.002(c) and 159.004(5), when reasonably construed together, "require the release of information to the patient, provided the release is not inconsistent with the authorized purpose for which it was obtained."  For the following reasons, we disagree with this construction.

Nothing in the plain language of section 159.002(c) requires the Board to release a requestor's medical information.  Instead, this section simply makes clear that the privilege and confidentiality requirements of the medical practice act extend to third parties, even when they receive the medical information in full compliance with the act.  *Id*. § 159.002(c).  Accordingly,

---

[2]  Similarly, subsection (e) of section 159.005 provides:

A person who receives information made confidential by this subtitle may disclose the information only to the extent consistent with the authorized purposes for which consent to the release of information is obtained.

*Id*. § 159.005(e).

9

these third parties, such as the Board, may not disclose medical information unless that disclosure is consistent with the purpose for which the information was first obtained. While this provision of the medical practice act permits the disclosure of medical information in the specified circumstances, it does not require third parties to disclose under any circumstances.

Similarly, section 159.004 does not require the release of medical information. First, by its express terms, section 159.004 provides limited exceptions to the act's general prohibition on disclosure and allows for disclosure "by a physician." *See id*. § 159.004. Moreover, this provision of the medical practice act merely establishes that a physician may disclose medical information, under certain enumerated circumstances, without violating the act. *See id*. Thus, while a physician may disclose to a person who has obtained the requisite, written consent without violating the medical practice act, there is no express requirement in section 159.004 for the physician to do so.

The only provision in the medical practice act that specifically requires disclosure is section 159.006. *See id*. § 159.006. This section provides that a physician who receives the requisite, written consent for release of information "shall furnish copies" of the requested records, or a summary or narrative of the records, "not later than the 15th business day after the date of receipt of the written consent for release." *Id*. § 159.006. Section 159.006 allows patients (or their designee) to obtain their own otherwise confidential medical records. Though mandatory, this provision only applies to physicians and does not apply at all if the physician determines that access to the information would be harmful to the physical, mental, or emotional health of the patient. *Id*. § 159.006(a).

Construing the provisions of chapter 159 of the medical practice act together, as a whole, it is clear that the act provides patients with confidentiality and privileges designed to prevent

10

the disclosure of their medical information. Under certain circumstances, such as when a patient provides written consent in compliance with section 159.005 of the act, a party holding medical information may release it without fear of violating the act. However, statutory rights aimed at limiting access to information are simply not the same as rights aimed at compelling access to information. There is nothing in the medical practice act that requires anyone, other than a physician, to provide a patient with his or her medical information. Accordingly, we conclude that the medical practice act does not provide a patient with a general "special right of access" to his or her medical records. This construction gives effect to both the medical practice act and section 565.055 of the pharmacy act and is consistent with the rule that we presume that the legislature intended the entire statute to be effective. *See* Tex. Gov't Code Ann. §§ 311.021(2), .026(a) (West 2005); *Center Point Energy Elec., LLC, v. Gulf Coast Coal. of Cities*, 263 S.W.3d 448, 461 (Tex. App.—Austin 2008), *aff'd sub nom. Texas Indus. Energy Consumers v. CenterPoint Energy Houston Elec., LLC*, 324 S.W.3d 95 (Tex. 2009).

We recognize that the Attorney General has previously interpreted the medical practice act and concluded that the act creates a special right of access to a requestor's own records. *See* Tex. Att'y Gen. Op. No. DM-0598 (1991) (deciding that requestor was entitled to medical records under medical practice act, despite litigation exception under PIA); *see also* Tex. Att'y Gen. OR2011-03069 (deciding that requestor was entitled to medical records under medical practice act, despite confidentiality of child abuse investigation records); Tex. Att'y Gen. OR2009-18055 (deciding that requestor was entitled to medical records under medical practice act, despite confidentiality of investigative file of board of veterinary medical examiners). The construction of

11

the medical practice act outlined in these decisions is the same construction now urged by the Attorney General in this appeal. Because this construction is not supported by the plain text of the statute, we decline to follow it. *City of Dallas*, 304 S.W.3d at 384 (noting that while attorney general's interpretation of statute "may be persuasive, it is not controlling").

**Right of access under section 552.023 of the PIA**

The Attorney General alternatively argues on appeal that the requestor has a right to access his prescription record under section 552.023 of the PIA, which provides a special right of access to personal information held by a governmental body that relates to the requesting person. *See* Tex. Gov't Code Ann. § 522.023. The Board agrees that any right of the requestor to access his own prescription record in this case is governed by section 552.023 of the PIA. But, the Board argues that even under section 552.023, disclosure is not required in this case. The Attorney General did not raise 552.023 as an alternative basis for upholding its letter ruling before the trial court. But even assuming that this issue has been preserved for appeal, we conclude that section 552.023 does not require disclosure of the requestor's prescription record.

We recognize that under section 552.023 of the PIA, a requestor has a right, under certain circumstances, to obtain his or her own medical information from a governmental body. Section 552.023 provides that "a person . . . has a special right of access, beyond the right of the general public, to information held by a governmental body that relates to the person." *Id*. Thus, a governmental body may not deny a person access to information on the basis of law intended solely to protect the privacy of that person. *See id*. § 552.023(a), (b). For instance, the Board cannot refuse to disclose the requestor's medical information to him on the ground that it is confidential under the

12

medical practice act. *See* Tex. Att'y Gen. Op. JM-0565 (1990) (explaining that medical practice act restrictions on disclosure by third parties of medical records validly obtained from physician only serve to protect interest of patient). However, a governmental body "may assert as grounds for denial of access other provisions of the [PIA] or other law that are not intended to protect the person's privacy interest." Tex. Gov't Code Ann. § 552.023(b).

In this case, the Board has denied the requestor access to his prescription record on the ground that disclosure is prohibited by section 565.055 of the pharmacy act. The stated purpose of the pharmacy act is "to promote, preserve, and protect the public health, safety, and welfare through . . . effectively controlling and regulating the practice of pharmacy." *See* Tex. Occ. Code Ann. § 551.002(c). Section 565.055 is part of the regulatory process set forth in the pharmacy act and is included in chapter 565, entitled "Disciplinary Actions and Procedures; Reinstatement of License." *See generally id*. §§ 565.001-.103. These disciplinary actions protect the public health, safety, and welfare by ensuring that only qualified persons engage in the practice of pharmacy and that they do so in a safe manner. *See id*. Like similar investigative-privilege provisions, section 565.055 is primarily designed to protect the integrity of the Board's regulatory process. *See Pack v. Crossroads, Inc.* 53 S.W.3d 492, 504-505 (Tex. App.—Fort Worth 2001, pet. denied) (noting that almost identical investigative-privilege provision in health and safety code was designed to protect integrity of department of health regulatory process); *see also* Tex. Att'y Gen. Op. No. DM-0603 (1992) (holding that individual was not entitled to information about himself in records of department of health investigation because investigative-file privilege was designed to "protect the integrity of the department's investigatory process as well as to protect the privacy interests of individuals"). Consequently, the Board's withholding of the requestor's prescription record is based

13

on law that is not intended solely to protect the privacy interest of the requestor. In this case, the requestor does not have a special right of access to his prescription record under section 552.023 of the PIA.

Because there is no dispute that the requestor's prescription record is part of the Board's investigative file, it is confidential under section 565.055 of the pharmacy act. *See* Tex. Occ. Code Ann. § 565.055. Further, the requestor in this case does not have a special right of access to this record under the medical practice act or under the PIA. *See id*. § 159.002; Tex. Gov't Code Ann. § 552.023. Accordingly, we conclude that the Board met its burden in proving that the prescription record is "confidential by law" and excepted from disclosure under section 552.101 of the PIA. *See* Tex. Gov't Code Ann. § 522.101. The trial court did not err in granting the Board's motion for summary judgment and denying the Attorney General's motion for summary judgment. The Attorney General's sole issue on appeal is overruled.

## CONCLUSION

Because we conclude that the requestor's prescription record is excepted from disclosure under the Public Information Act, we affirm the summary judgment in favor of the Board.

_____

Diane M. Henson, Justice

Before Justices Puryear, Pemberton and Henson

Affirm

Filed: November 21, 2012

14