TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00736-CV






Texas State Board of Chiropractic Examiners, Appellant


v.


Greg Abbott, Attorney General of the State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT

NO. D-1-GN-10-001389, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N



 The Texas State Board of Chiropractic Examiners ("the Board") sued Greg Abbott,
Attorney General of the State of Texas, seeking a declaration that certain documents in the Board's
possession are exempt from the disclosure requirements of the Texas Public Information Act
("PIA"). See Tex. Gov't Code Ann. §§ 552.001-.353 (West 2012). The trial court rendered
summary judgment that the documents were not exempt, such that disclosure was required. On
appeal, the Board challenges that ruling as an incorrect reading of the PIA. We will reverse the trial
court's judgment and render judgment that the documents in question are exempt.


FACTUAL AND PROCEDURAL BACKGROUND

 The Board received a request pursuant to the PIA for information pertaining to the
requestor's complaint against a chiropractor. The Board provided the requestor with some of the
requested information, but withheld other information on the ground that it was contained in the
Board's investigation file in connection with its investigation of a complaint about a chiropractor. 
See Tex. Occ. Code Ann. § 201.205 (West 2012) (general rules regarding investigation of complaint
filed with board). The Board withheld the contents of its investigation file on the ground that it was
excepted from disclosure under PIA section 552.101, which provides that "[i]nformation is excepted
from the requirements of Section 552.021 [that public information must be made available to the
public] if it is information considered to be confidential by law, either constitutional, statutory, or
by judicial decision." Tex. Gov't Code Ann. § 552.101. The Board asserted that section 201.206
of the occupations code made the requested information "confidential by law" because it was
contained in the Board's investigation file. See Tex. Occ. Code Ann. § 201.206(a) (West 2012)
("The board's investigation files are confidential, privileged, and not subject to discovery, subpoena,
or any other means of legal compulsion for release other than to the board or an employee or agent
of the board.").

 In conjunction with its conclusion to withhold the records, the Board sought a
decision from the Attorney General's Open Records Division ("the ORD") that the information
withheld fell within the confidentiality exception in government code section 552.101. See Tex.
Gov't Code Ann. § 552.301 (governmental body that receives written request for information it
wishes to withhold under section 552.101 must ask for decision from attorney general about whether
information is within that exception). The ORD's letter decision issued in response to the Board's
request determined that the medical and chiropractic records of the requestor must be released. See
Tex. Att'y Gen. OR2010-04562. The ORD agreed that the contents of the Board's investigation file
were generally confidential under occupations code section 201.206(a) but concluded that
occupations code sections 159.004, 159.005, 201.404, and 201.405 provide a patient a special right
of access to his or her own medical and chiropractic records. As a result, the ORD decided that there
was a conflict between those sections and occupations code section 201.206(a). Applying code
construction act section 311.026(b), the ORD concluded that sections 159.004, 159.005, 201.404,
and 201.405 constituted "specific provisions" that prevailed as an exception to section 201.206(a),
which it described as a "general provision." See Tex. Gov't Code Ann. § 311.026(b) (West 2005)
("If the conflict between the general provision and the special or local provision is irreconcilable,
the special or local provision prevails as an exception to the general provision . . . ."). Consequently,
the ORD determined that the requestor's medical and chiropractic records were excepted
from the investigation-file privilege the Board relied on to withhold them and must be
released to the requestor if he provided the Board with the proper written consents. See Tex.
Att'y Gen. OR2010-04562.

 The Board timely filed suit against the Attorney General seeking to withhold the 
medical and chiropractic records from the requestor. See Tex. Gov't Code Ann. § 552.324
(governmental body may file suit against attorney general seeking declaratory relief from attorney
general opinion issued under section 552.301). The Attorney General answered and requested that
the district court render judgment declaring that the medical and chiropractic records must be
released to the requestor. The Board and the Attorney General filed cross-motions for summary
judgment; the district court granted the Attorney General's motion and denied the Board's. The
Board perfected this appeal.




STANDARD OF REVIEW

 We review the district court's granting of a summary judgment de novo. Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005). A party moving for summary judgment
must demonstrate that there is no genuine issue of material fact and that he is entitled to judgment
as a matter of law. Tex. R. Civ. P. 166a(c); see also Provident Life & Accident Ins. Co. v. Knott,
128 S.W.3d 211, 215 (Tex. 2003). When both sides move for summary judgment and the trial court
grants one motion and denies the other, the reviewing court should review the summary judgment
evidence presented by both sides, determine all questions presented, and render the judgment the trial
court should have rendered. Texas Worker's Comp. Comm'n v. Patient Advocates, 136 S.W.3d 643,
648 (Tex. 2004).

 This appeal involves statutory construction, which presents questions of law that we
review de novo. Bragg v. Edwards Aquifer Auth., 71 S.W.3d 729, 734 (Tex. 2002); Sanchez
v. Texas State Bd. of Med. Exam'rs, 229 S.W.3d 498, 512 (Tex. App.--Austin 2007, no pet.). In
construing a statute, our task is to determine and give effect to the legislature's intent. Texas Dep't
of Protective & Regulatory Servs. v. Mega Child Care, Inc., 145 S.W.3d 170, 176 (Tex. 2006);
National Liab. & Fire Ins. Co. v. Allen, 15 S.W.3d 525, 527 (Tex. 2000); see also Tex. Gov't Code
Ann. § 312.005 (West 2005) ("In interpreting a statute, a court shall diligently attempt to ascertain
legislative intent and shall consider at all times the old law, the evil, and the remedy."). We ascertain
that intent "first and foremost" from the statute's language as written. Sanchez, 229 S.W.3d at 512. 
We consider the statute as a whole, not as isolated individual provisions, and we do not give one
provision a meaning out of harmony or inconsistent with other provisions, even though it might be
susceptible to such a construction standing alone. See Texas Dep't of Transp. v. Needham,
82 S.W.3d 314, 318 (Tex. 2002). In determining legislative intent, we may also consider the
consequences of a particular construction. See Tex. Gov't Code Ann. § 311.023 (West 2005); City
of Austin v. Southwestern Bell Tel. Co., 92 S.W.3d 434, 442 (Tex. 2002).


DISCUSSION

 Under the PIA, information that is "collected, assembled or maintained . . . in
connection with the transaction of official business" by a governmental body is "public information." 
Tex. Gov't Code Ann. § 552.002(a)(1). The PIA requires that "public information is available to
the public at a minimum during the normal business hours of the governmental body." Id.
§ 552.021. As noted above, however, "information is excepted from the requirements of Section
552.021 if it is information considered confidential by law, either constitutional, statutory, or by
judicial decision." Id. § 552.101. The PIA is to be liberally construed in favor of granting requests
for information. Id. § 552.001(b). Exceptions to the disclosure requirement of the PIA are narrowly
construed. Arlington Indep. Sch. Dist. v. Texas Att'y General, 37 S.W.3d 152, 157 (Tex.
App.--Austin 2001, no pet.).

 Here, the Board contends that the requested medical and chiropractic records are part
of an investigation file and are therefore excepted from disclosure because they are expressly made
confidential by section 201.206 of the occupations code, which protects from "discovery, subpoena,
or any other means of legal compulsion" the contents of the Board's investigation files. See Tex.
Occ. Code Ann. § 201.206(a). (1)

 While acknowledging that such an exception exists for the contents of the Board's
investigation files, the Attorney General nonetheless argues that four separate provisions in the
occupations code--sections 159.004, 159.005, 201.404, and 201.405--grant a requestor the right
to compel the Board to disclose the contents of its investigation file to the extent the file includes
the requestor's own medical or chiropractic records. Sections 159.004 and 159.005 provide
exceptions to the confidentiality conferred on medical records, one of which requires a physician to
release a patient's medical records to "a person who has consent, as provided by Section 159.005." 
Id. §§ 159.004, .005. Sections 201.404 and 201.405 provide exceptions to the confidentiality
conferred on chiropractic records, one of which requires a chiropractor to release a patient's
chiropractic records to "any person who possesses a written consent described by Section 201.405." 
Id. §§ 201.404, .405.

 In two other opinions issued this date, this Court has addressed and rejected
identical arguments made by the Attorney General in this appeal. In Texas State Board of
Chiropractic Examiners v. Abbott, No. 03-11-00735-CV, ___ S.W.3d ___, ___ WL ___ (Tex.
App.--Austin Jan. 16, 2013, no pet. h.), we held that occupations code sections 201.404 and 201.405
do not create an exception to the Board's investigation privilege that would require it to release a
requestor's own chiropractic records contained in its investigation file. In Abbott v. Texas State
Board of Pharmacy, No. 03-11 00481-CV, ___ S.W.3d ___, 2012 WL 5974080 (Tex. App.--Austin
Nov. 21, 2012, no pet.), we held that occupations code sections 159.004 and 159.005 do not provide
a patient a "special right of access" to his medical records that trumps the Board's right to withhold
the contents of its investigation file. In both cases, we held that because the investigation-file
privilege relied on by the Board is one intended to protect the integrity of the Board's regulatory
process, rather than the requestor's privacy interests, the Board could withhold the requestor's
medical and chiropractic records despite the special right of access that is statutorily granted to a
requestor for his personal information held by a governmental body. See Tex. Gov't Code Ann. §§
552.023(a) (person has special right of access to information held by governmental body that relates
to that person and that is protected from disclosure by laws intended to protect that person's privacy
interests), .023(b) (governmental body may assert as grounds for denial of access other provisions
of this chapter or other law that are not intended to protect person's privacy interests).

 Consistent with those decisions, we hold that the Board was not required to release
the requestor's medical or chiropractic records that were contained in its investigation file related
to a complaint about a chiropractor licensed by the Board.


CONCLUSION

 We reverse the summary judgment in favor of the Attorney General and render
judgment that the requested documents are exempt from mandatory disclosure under the PIA, such
that the Board is not required to release to the requestor the medical or chiropractic records contained
in the Board's investigation file.



 _____________________________________________

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Reversed and Rendered

Filed: January 16, 2013
1. Chapter 201 contains the occupations code provisions dealing with the practice of
chiropractic, including defining the scope of practice, setting forth licensing requirements, providing
for patient confidentiality, and identifying the powers and duties of the Board. See Tex. Occ. Code
Ann. §§ 201.001-201.606 (West 2012).