# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00736-CV

**Texas State Board of Chiropractic Examiners, Appellant**

**v.**

**Greg Abbott, Attorney General of the State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
### NO. D-1-GN-10-001389, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The Texas State Board of Chiropractic Examiners ("the Board") sued Greg Abbott,

Attorney General of the State of Texas, seeking a declaration that certain documents in the Board's

possession are exempt from the disclosure requirements of the Texas Public Information Act

("PIA"). *See* Tex. Gov't Code Ann. §§ 552.001-.353 (West 2012). The trial court rendered

summary judgment that the documents were not exempt, such that disclosure was required. On

appeal, the Board challenges that ruling as an incorrect reading of the PIA. We will reverse the trial

court's judgment and render judgment that the documents in question are exempt.

### FACTUAL AND PROCEDURAL BACKGROUND

The Board received a request pursuant to the PIA for information pertaining to the

requestor's complaint against a chiropractor. The Board provided the requestor with some of the

requested information, but withheld other information on the ground that it was contained in the

Board's investigation file in connection with its investigation of a complaint about a chiropractor. *See* Tex. Occ. Code Ann. § 201.205 (West 2012) (general rules regarding investigation of complaint filed with board). The Board withheld the contents of its investigation file on the ground that it was excepted from disclosure under PIA section 552.101, which provides that "[i]nformation is excepted from the requirements of Section 552.021 [that public information must be made available to the public] if it is information considered to be confidential by law, either constitutional, statutory, or by judicial decision." Tex. Gov't Code Ann. § 552.101. The Board asserted that section 201.206 of the occupations code made the requested information "confidential by law" because it was contained in the Board's investigation file. *See* Tex. Occ. Code Ann. § 201.206(a) (West 2012) ("The board's investigation files are confidential, privileged, and not subject to discovery, subpoena, or any other means of legal compulsion for release other than to the board or an employee or agent of the board.").

In conjunction with its conclusion to withhold the records, the Board sought a decision from the Attorney General's Open Records Division ("the ORD") that the information withheld fell within the confidentiality exception in government code section 552.101. *See* Tex. Gov't Code Ann. § 552.301 (governmental body that receives written request for information it wishes to withhold under section 552.101 must ask for decision from attorney general about whether information is within that exception). The ORD's letter decision issued in response to the Board's request determined that the medical and chiropractic records of the requestor must be released. *See* Tex. Att'y Gen. OR2010-04562. The ORD agreed that the contents of the Board's investigation file were generally confidential under occupations code section 201.206(a) but concluded that

2

occupations code sections 159.004, 159.005, 201.404, and 201.405 provide a patient a special right of access to his or her own medical and chiropractic records. As a result, the ORD decided that there was a conflict between those sections and occupations code section 201.206(a). Applying code construction act section 311.026(b), the ORD concluded that sections 159.004, 159.005, 201.404, and 201.405 constituted "specific provisions" that prevailed as an exception to section 201.206(a), which it described as a "general provision." *See* Tex. Gov't Code Ann. § 311.026(b) (West 2005) ("If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision . . . ."). Consequently, the ORD determined that the requestor's medical and chiropractic records were excepted from the investigation-file privilege the Board relied on to withhold them and must be released to the requestor if he provided the Board with the proper written consents. *See* Tex. Att'y Gen. OR2010-04562.

The Board timely filed suit against the Attorney General seeking to withhold the medical and chiropractic records from the requestor. *See* Tex. Gov't Code Ann. § 552.324 (governmental body may file suit against attorney general seeking declaratory relief from attorney general opinion issued under section 552.301). The Attorney General answered and requested that the district court render judgment declaring that the medical and chiropractic records must be released to the requestor. The Board and the Attorney General filed cross-motions for summary judgment; the district court granted the Attorney General's motion and denied the Board's. The Board perfected this appeal.

3

## STANDARD OF REVIEW

We review the district court's granting of a summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A party moving for summary judgment must demonstrate that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *see also Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). When both sides move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review the summary judgment evidence presented by both sides, determine all questions presented, and render the judgment the trial court should have rendered. *Texas Worker's Comp. Comm'n v. Patient Advocates*, 136 S.W.3d 643, 648 (Tex. 2004).

This appeal involves statutory construction, which presents questions of law that we review de novo. *Bragg v. Edwards Aquifer Auth.*, 71 S.W.3d 729, 734 (Tex. 2002); *Sanchez v. Texas State Bd. of Med. Exam'rs*, 229 S.W.3d 498, 512 (Tex. App.—Austin 2007, no pet.). In construing a statute, our task is to determine and give effect to the legislature's intent. *Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 176 (Tex. 2006); *National Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000); *see also* Tex. Gov't Code Ann. § 312.005 (West 2005) ("In interpreting a statute, a court shall diligently attempt to ascertain legislative intent and shall consider at all times the old law, the evil, and the remedy."). We ascertain that intent "first and foremost" from the statute's language as written. *Sanchez*, 229 S.W.3d at 512. We consider the statute as a whole, not as isolated individual provisions, and we do not give one provision a meaning out of harmony or inconsistent with other provisions, even though it might be

4

susceptible to such a construction standing alone. *See Texas Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002). In determining legislative intent, we may also consider the consequences of a particular construction. *See* Tex. Gov't Code Ann. § 311.023 (West 2005); *City of Austin v. Southwestern Bell Tel. Co.*, 92 S.W.3d 434, 442 (Tex. 2002).

## DISCUSSION

Under the PIA, information that is "collected, assembled or maintained . . . in connection with the transaction of official business" by a governmental body is "public information." Tex. Gov't Code Ann. § 552.002(a)(1). The PIA requires that "public information is available to the public at a minimum during the normal business hours of the governmental body." *Id.* § 552.021. As noted above, however, "information is excepted from the requirements of Section 552.021 if it is information considered confidential by law, either constitutional, statutory, or by judicial decision." *Id.* § 552.101. The PIA is to be liberally construed in favor of granting requests for information. *Id.* § 552.001(b). Exceptions to the disclosure requirement of the PIA are narrowly construed. *Arlington Indep. Sch. Dist. v. Texas Att'y General*, 37 S.W.3d 152, 157 (Tex. App.—Austin 2001, no pet.).

Here, the Board contends that the requested medical and chiropractic records are part of an investigation file and are therefore excepted from disclosure because they are expressly made confidential by section 201.206 of the occupations code, which protects from "discovery, subpoena,

5

or any other means of legal compulsion" the contents of the Board's investigation files. *See* Tex. Occ. Code Ann. § 201.206(a).[1]

While acknowledging that such an exception exists for the contents of the Board's investigation files, the Attorney General nonetheless argues that four separate provisions in the occupations code—sections 159.004, 159.005, 201.404, and 201.405—grant a requestor the right to compel the Board to disclose the contents of its investigation file to the extent the file includes the requestor's own medical or chiropractic records. Sections 159.004 and 159.005 provide exceptions to the confidentiality conferred on medical records, one of which requires a *physician* to release a patient's medical records to "a person who has consent, as provided by Section 159.005." *Id.* §§ 159.004, .005. Sections 201.404 and 201.405 provide exceptions to the confidentiality conferred on chiropractic records, one of which requires a *chiropractor* to release a patient's chiropractic records to "any person who possesses a written consent described by Section 201.405." *Id.* §§ 201.404, .405.

In two other opinions issued this date, this Court has addressed and rejected identical arguments made by the Attorney General in this appeal. In *Texas State Board of Chiropractic Examiners v. Abbott*, No. 03-11-00735-CV, ___ S.W.3d ___, ___ WL ___ (Tex. App.—Austin Jan. 16, 2013, no pet. h.), we held that occupations code sections 201.404 and 201.405 do not create an exception to the Board's investigation privilege that would require it to release a

---

[1] Chapter 201 contains the occupations code provisions dealing with the practice of chiropractic, including defining the scope of practice, setting forth licensing requirements, providing for patient confidentiality, and identifying the powers and duties of the Board. *See* Tex. Occ. Code Ann. §§ 201.001-201.606 (West 2012).

requestor's own chiropractic records contained in its investigation file. In *Abbott v. Texas State Board of Pharmacy*, No. 03-11 00481-CV, ___ S.W.3d ___, 2012 WL 5974080 (Tex. App.—Austin Nov. 21, 2012, no pet.), we held that occupations code sections 159.004 and 159.005 do not provide a patient a "special right of access" to his medical records that trumps the Board's right to withhold the contents of its investigation file. In both cases, we held that because the investigation-file privilege relied on by the Board is one intended to protect the integrity of the Board's regulatory process, rather than the requestor's privacy interests, the Board could withhold the requestor's medical and chiropractic records despite the special right of access that is statutorily granted to a requestor for his personal information held by a governmental body. *See* Tex. Gov't Code Ann. §§ 552.023(a) (person has special right of access to information held by governmental body that relates to that person and that is protected from disclosure by laws intended to protect that person's privacy interests), .023(b) (governmental body may assert as grounds for denial of access other provisions of this chapter or other law that are not intended to protect person's privacy interests).

Consistent with those decisions, we hold that the Board was not required to release the requestor's medical or chiropractic records that were contained in its investigation file related to a complaint about a chiropractor licensed by the Board.

## CONCLUSION

We reverse the summary judgment in favor of the Attorney General and render judgment that the requested documents are exempt from mandatory disclosure under the PIA, such that the Board is not required to release to the requestor the medical or chiropractic records contained in the Board's investigation file.

7

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Reversed and Rendered

Filed:   January 16, 2013